In re Scott J. SOBCZAK, Debtor.

**Russell A. Brown, Chapter 13 Trustee, Appellant,**

v.

**Scott J. Sobczak, Appellee.**

**BAP No. 06–1397–BrMoPa.**
**Bankruptcy No. 06–00030–RJH.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 23, 2007.

Filed May 11, 2007.

Scott A. Lieske, Esq., Phoenix, AZ, for Appellant.

Michael Reddig, Esq., Flagstaff, AZ, for Appellee.

Before BROWN[1], MONTALI and PAPPAS, Bankruptcy Judges.

## OPINION

BROWN, Bankruptcy Judge.

This appeal arises from the bankruptcy court's order granting Debtor–Appellee's motion to dismiss his chapter 13 case.[2] For the reasons set forth below we REVERSE the bankruptcy court's order granting Debtor–Appellee's motion to dismiss.

## I. FACTS

Appellee filed a voluntary chapter 7 petition on March 12, 2006. He scheduled a single parcel of real property, his residence, located in Kingman, Arizona (the "Property"). Appellee valued the Property, which was subject to two liens totaling $113,724.00, at $200,000.00. Appellee claimed a $150,000 homestead exemption in the Property pursuant to Arizona Revised Statute § 33–1101(A). In response to Question 15 on his Statement of Financial Affairs ("SOFA"), which required Appellee to list all previous addresses if he had moved in the three years preceding the filing, Appellee checked "none."

On May 25, 2006, the chapter 7 trustee for Appellee's case filed an Objection to Property Claimed Exempt in which he objected to all of Appellee's claimed exemptions on the grounds that he had not resided in the state of Arizona for 730 days as required by § 522(b)(3)(A).[3] As a result, the chapter 7 trustee contended Appellee was required to use the exemptions provided under Ohio law, the state in which

Appellee had resided for more than 180 days prior to moving to Arizona. The homestead exemption in Ohio is only $5,000.00. Ohio Rev.Code Ann. § 2329.66(A)(1)(b). On June 8, 2006, Appellee filed a Motion to Convert to Chapter 13 Case. The court entered an Order Converting Case to Chapter 13 that same day. On June 8, 2006, Appellee also filed a Response to Former Trustee's Objection to Property Claimed Exempt. In his response, Appellee contended that there was a factual question as to his place of residency during the 730 days preceding the filing of his bankruptcy petition. Specifically he contended that because he intended to reside in Arizona as of March 2004 and began seeking employment in Arizona at that time, his residence should be determined to be in Arizona as of March 2004. In addition, he argued that § 522(b)(3)(A), which provides that a debtor's exemptions are governed by applicable law at the place in which his domicile has been located for the 730 days immediately preceding the date of the filing of the petition, applied only to the equity brought by a debtor from a former state's exempt homestead. Finally, he contended that while residing in Ohio he held his homestead jointly with his wife as tenants by the entirety and could have exempted the entire amount of the equity in the home under Ohio law. Consequently, he contended, if his exemptions were determined based on Ohio law, he was entitled to exempt all of the equity in his Arizona property.

On June 8, 2006, Appellee also filed amended Schedules A, I, and J and an amended SOFA. On his Amended Sched-

---

1. Hon. Trish M. Brown, Bankruptcy Judge for the District of Oregon, sitting by designation.

2. Unless otherwise indicated, all Code, chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

3. Debtor disputes that assertion, but no determination of that disputed fact was made by the bankruptcy court before Debtor's case was dismissed.

ule A Appellee valued the Property at $180,000.00. Appellee did not file an amended Schedule C Property Claimed as Exempt. In response to Question 15 on his amended SOFA, Appellee indicated that he had lived in Ohio "through March 2004."

On June 20, 2006, Appellant, the chapter 13 trustee for Appellee's case, filed his Chapter 13 Trustee's Objection to Claims of Property as Exempt, joining in the objection filed by the Chapter 7 Trustee. On June 29, 2006, Appellee filed a Response to Chapter 13 Trustee's Objection to Property Claimed Exempt. In his response, Appellee raised the same arguments that he had previously raised in his Response to Former Trustee's Objection to Property Claimed Exempt.

On June 29, 2006, Appellee also filed a motion to dismiss his chapter 13 case. In that motion, he stated that "[a]lthough debtor believes that no non-exempt assets exist, both the Chapter 7 and Chapter 13 trustees have taken contrary positions. Debtor asks this matter be dismissed to avoid a potential twisted application of the new bankruptcy law which would unfairly deny him his homestead under either Arizona or Ohio law." He indicated that if his motion was denied that he wished to remain in chapter 13.

On July 7, 2006, Appellant filed Trustee's Objection to Motion to Dismiss. In his Memorandum of Points and Authorities in support of that objection Appellant stated:

Debtor filed a Motion to Dismiss his case on June 29, 2006, without stating any statutory authority for his request. However, the Trustee notes that Debtor does not possess the right to dismiss his case pursuant to 11 U.S.C. § 1307(b). Debtor's absolute right to dismiss is absent when the case was previously converted from another chapter. Therefore the Court must not dismiss the case.

Rather than Dismissal, the proper result should be reconversion back to Chapter 7. Both the Chapter 7 and Chapter 13 Trustees believe that Debtor may have nonexempt assets which a Chapter 7 Trustee should administer for the creditors of this estate.

Because Debtor has significant non-exempt assets, and because he does not have an absolute right to dismiss their [sic] case, the Chapter 13 Trustee objects to the Dismissal of this case.

The bankruptcy court held a hearing on the Appellee's motion to dismiss on October 25, 2006. During that hearing, the parties discussed, at length, their respective positions with respect to Appellee's right to claim exemptions under Arizona law as well as the effect on the estate if the court determined that Appellee was not eligible to claim exemptions under Arizona law. Appellant contended that he believed that there was significant equity in the Property and that the bulk of this equity, none of which could be reached by creditors if Appellee were eligible to claim Arizona exemptions, would be available to creditors if Appellee were required to use Ohio exemptions. At one point during the oral argument when addressing Mr. Lieske, Appellant's attorney, the court stated:

THE COURT: On the other hand though, you know, if assuming you're correct and in effect the—well, I was going to say that if he doesn't have an exemption in the Arizona homestead then creditors could resort to it outside of a Chapter 7, but that's not the case. If he didn't have a Chapter 7, he would be entitled to the full Arizona exemption in his Arizona Homestead, vis-à-vis his creditors, outside of bankruptcy.

MR. LIESKE: Well, I—what I—

THE COURT: So in effect, doesn't keeping him in a 7 or a 13 create a windfall for his creditors that they would not be entitled to outside of bankruptcy, because outside of bankruptcy he's entitled to his Arizona exemption?

MR. LIESKE: Right. And what I suspect might happen is that the debtor may—may re-file a new Chapter 13 case after he's—after this case is dismissed he can take advantage of the Arizona exemptions now because he has lived in Arizona for the 730 days and not have to pay anything to his unsecured creditors, not have to pay anything to those creditors that would in this case receive a distribution.

THE COURT: I'm not sure that responded to my question. Your argument was it would be unfair to creditors to dismiss the case. And the question I raised is well, why is it unfair? He's not hiding assets. He's got an Arizona asset that any creditor could locate, but under Arizona law he'd be entitled to exempt it.

So how can you say that it would be unfair to the creditors to allow a dismissal? Isn't it really the other way around? He may have made a mistake by filing a case, and in effect, disqualifying himself from the Arizona homestead exemption that he would've been entitled to if he hadn't filed at all. So doesn't the maintenance in the—of the case in effect create a windfall for creditors?

Ultimately the court granted Appellee's Motion to Dismiss Case. In doing so it stated:

Well, I agree that—that when it comes to a motion to dismiss a 13 in a case that has been converted from Chapter 7, it is the best interest [of] creditors test, but I don't know that anything in the code or particularly [BAPCPA] has suggested that that should be measured by the basis of what I have to conclude, was an unintended benefit to creditors by the [BAPCPA] changes that they would not have had under state law. . . .

## II. ISSUES

Did Appellee have standing to seek voluntary dismissal of his chapter 13 petition under § 1307(c)?

Did the bankruptcy court err in granting Appellee's motion to dismiss?

## III. STANDARD OF REVIEW

We review the issue of standing *de novo*. *Arakaki v. Lingle*, 477 F.3d 1048, 1056 (9th Cir.2007), citing *Bruce v. United States*, 759 F.2d 755, 758 (9th Cir.1985).

We review an order dismissing a chapter 13 bankruptcy case for abuse of discretion. *Armstrong v. Steppes Apartments, Ltd. (In re Armstrong)*, 303 B.R. 213, 218 (10th Cir. BAP 2004). "A bankruptcy court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law. The Panel also finds an abuse of discretion if it has a definite and firm conviction the court below committed a clear error of judgment in the conclusion it reached." *Lopez v. Specialty Restaurants Corp. (In re Lopez)*, 283 B.R. 22, 26 (9th Cir. BAP 2002) quoting *Palm v. Klapperman (In re Cady)*, 266 B.R. 172, 178 (9th Cir. BAP 2001), *aff'd* 315 F.3d 1121 (9th Cir.2003) (citations and quotation marks omitted).

## IV. DISCUSSION

### 1. *Standing*

Appellant contends that the bankruptcy court erred in granting Appellee's motion to dismiss because Appellee lacked standing to request such relief. Dismissal of a Chapter 13 case is governed by § 1307

of the Code. This section provides, in relevant part:

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

(b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . .

Appellee's Motion to Dismiss did not cite the statute under which Appellee sought dismissal. However, because his case had been converted from a chapter 7 case, Appellee concedes he was not entitled to automatic dismissal under § 1307(b). Consequently, it appears that Appellee sought dismissal under § 1307(c), which allows the court to dismiss or convert a case, after notice and a hearing, on request of the United States Trustee or "a party in interest."

Appellant argues that Appellee is not a "party in interest" and has no standing to seek dismissal of his case under § 1307(c). As a preliminary matter, it does not appear that Appellant raised this issue at the trial level. In his memorandum in support of his objection to Appellee's Motion to Dismiss, Appellant noted that Appellee had not cited any statutory authority in support of his motion and that he did not have an absolute right to dismiss under

§ 1307(b). This same issue was raised in oral argument before the court. However, Appellant did not challenge Appellee's right to seek dismissal under § 1307(c). Nonetheless, this matter is properly before the Panel as standing is a "jurisdictional issue[ ] that may be raised at any time, even for the first time on appeal." *DBSI/ TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1038 (9th Cir.2006).

In support of his argument that the Appellee lacks standing to bring a motion under § 1307(c) Appellant reasons that "[a]lthough 11 U.S.C. § 101 fails to define a 'party in interest,' the lack of specific inclusion in § 1307(c) eliminates the debtor as an eligible party. The debtor is specifically included in those other subsections of § 1307 that he has standing to invoke." Appellant's Opening Br. at 8. Although not clearly stated, his argument is, presumably, that because the debtor is specifically listed as a party who may seek dismissal or conversion under § 1307(a) or (b), the fact that the debtor is not specifically listed in § 1307(c) is evidence of the fact that Congress did not intend that a debtor have authority to seek dismissal under this subsection.

Appellant's argument ignores the fact that the debtor is the *only* party who may bring a motion under § 1307(a) or § 1307(b). Therefore, the debtor would necessarily have to be specifically listed as a party who could bring a motion under either of those two sections. By contrast, a request to dismiss or convert under § 1307(c) may be made by *any* party in interest or by the United States Trustee.

Although the term "party in interest" appears many times in the Bankruptcy Code, it is not defined in § 101. It has been described as "an expandable concept depending on the particular factual context in which it is applied." *In re River Bend–Oxford Associates*, 114 B.R.

111, 113 (Bankr.D.Md.1990). In various contexts, a "party in interest" has been held to be one who has an actual pecuniary interest in the case, *Kapp v. Naturelle, Inc.,* 611 F.2d 703, 706 (8th Cir. 1979); anyone who has a practical stake in the outcome of a case, *In re Amatex Corporation,* 755 F.2d 1034, 1041–44 (3rd Cir.1985); and those who will be impacted in any significant way in the case, *In re Johns–Manville Corp.,* 36 B.R. 743, 754 (Bankr.S.D.N.Y.1984). *In re Cowan,* 235 B.R. 912, 915 (Bankr. W.D.Mo.1999). Clearly, the debtor has a pecuniary interest and practical stake in whether his own bankruptcy case should be dismissed and is, accordingly, a party in interest in that proceeding.

Appellant contends that allowing a debtor in a case converted from chapter 7 to bring a motion to dismiss under § 1307(c) would contravene the Code. He argues that "[a] debtor should not be permitted to do in two steps (conversion, then dismissal motion) that which the debtor could not accomplish in one step (motion to voluntarily dismiss a Chapter 7 case)." Appellant's Opening Br. at 9. Appellant is correct in his assertion that a chapter 13 debtor in a converted case should not be able to accomplish that which he could not accomplish in a chapter 7, that is, *automatic dismissal* of his case without court intervention or oversight. However, allowing a debtor to bring a motion to dismiss under § 1307(c) does not guarantee dismissal as such motion may only be granted after notice and a hearing. *See Collier on Bankruptcy,* 15th Ed. ¶ 1307.03[2] page 1307–9 ("There is no absolute right on the part of the debtor to obtain a dismissal of a case converted to chapter 13 from chapter 7, chapter 11, or chapter 12. Instead, the debtor, or any other party in interest, may request dismissal or conversion of the chapter 13 case pursuant to section 1307(c) or (d). The court, after notice and a hearing, may either dismiss, convert the case to chapter 7 or convert the case to chapter 11 or chapter 12 prior to confirmation of a chapter 13 plan.")

Appellee is a "party in interest" within the meaning of § 1307(c) and had standing to bring a motion to dismiss his case under that section.

2. *Did the Court Abuse its Discretion in Granting Appellee's Motion to Dismiss Case?*

■ Section 1307(c) provides that upon request of the United States Trustee or a party in interest, the court may, for cause, dismiss or convert a chapter 13 case "whichever is in the best interest of creditors and the estate." In this case the equity in the Property might have been available to Appellee's creditors had his Motion to Dismiss been denied. That equity would not be available to the creditors outside bankruptcy. Further, if the Appellee were to file another bankruptcy, the equity that may have been available in this case would no longer be available, at least up to the $150,000 Arizona homestead exemption. The court nonetheless granted Appellee's Motion to Dismiss because it found that compelling Appellee to remain in bankruptcy would result in "an unintended benefit to creditors by the [BAPCPA] changes that they would not have had under state law." The issue before this panel is whether the bankruptcy court should have considered this factor in deciding whether to grant Appellee's Motion to Dismiss.

■ "When interpreting a statute, '[o]ur first step ... is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.' *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117

S.Ct. 843, 136 L.Ed.2d 808 (1997). This court's inquiry must end if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.' *United States v. Ron Pair Enters. Inc.* 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)." *Cellular 101, Inc. v. Channel Commnc'n Inc. (In re Cellular 101, Inc.),* 377 F.3d 1092, 1098 (9th Cir. 2004) (Brunetti, J., concurring). "If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." *United States v. Buckland,* 289 F.3d 558, 564–65 (9th Cir.2002) (en banc) quoting *Reves v. Ernst & Young,* 507 U.S. 170, 177, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993).

Section 1307(c) provides that when making the determination as to whether to grant a motion to dismiss or convert under this subsection, the bankruptcy court must be guided by what is in the best interest of the estate and creditors. This language is clear and unambiguous. Moreover, the statute does not instruct the bankruptcy court to consider the best interests of the debtor in deciding whether to dismiss a chapter 13 case. The bankruptcy court was not, therefore, free to look behind that language to determine whether, in his opinion, the result reached by application of the plain language was consistent with the intent of the statute.

It is clear that Appellee's creditors may fare better if Appellee's case remains open. It is equally clear that the timing of Appellee's filing of his bankruptcy case was flawed. However, Appellee voluntarily sought the protection of the bankruptcy court. In doing so he pledged all of his non-exempt assets toward payment of his unsecured pre-petition debts. While Appellee may have made a tactical error in filing his petition before he had resided in Arizona for the minimum time required to enable him to claim exemptions available under Arizona law, there is nothing in the language of § 1307(c) or the legislative history of BAPCPA that indicates that the benefit afforded Appellee's creditors under § 522(b)(3)(A) was unintended.

Under § 1307(c) it is not the province of the court to shield a debtor from the consequences of his own actions, however unfortunate, at the expense of his creditors. Section 1307(c) unambiguously required that the trial court consider only the interests of creditors and the estate in determining whether to grant Appellee's motion to dismiss. It did not. The trial court therefore erred in granting Appellee's Motion to Dismiss.

## V. CONCLUSION

As the debtor, Appellee had a pecuniary interest in whether his bankruptcy case continued or was dismissed. Appellee was, therefore, a "party in interest" for purposes of § 1307(c) and had standing to request dismissal. However, the bankruptcy court erred when it granted Appellee's motion, since dismissal was not in the best interests of Appellee's creditors or the bankruptcy estate. As a result, we REVERSE.