**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                  )    BAP No. NC-15-1257-JuKiTa
                                        )
PREETINDER KAUR HUNDAL,                 )    Bk. No. 15-42136
                                        )
                Debtor.                 )
_____ )
PREETINDER KAUR HUNDAL,                 )
                                        )
                Appellant,              )
                                        )
v.                                      )    **M E M O R A N D U M**[*]
                                        )
MARTHA G. BRONITSKY,                    )
Chapter 13 Trustee,[**]                 )
                                        )
                Appellee.               )
_____ )

Submitted Without Oral Argument
on July 28, 2016[***]

Filed – August 15, 2016

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Roger L. Efremsky, Bankruptcy Judge, Presiding

Appearances:    Appellant Preetinder Kaur Hundal pro se on brief.

Before:  JURY, KIRSCHER, and TAYLOR, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**] Appellee chapter 13 trustee, Martha G. Bronitsky, has not participated in this appeal.

[***] By order entered on January 26, 2016, a motions panel determined this appeal suitable for submission on the brief and record without oral argument.

-1-

Appellant debtor, Preetinder Kaur Hundal, appeals from the bankruptcy court's order dismissing her chapter 13[1] case. For the reasons set forth below, we AFFIRM.

## I. FACTS[2]

Debtor filed her pro se chapter 13 petition on July 7, 2015. Judge Efremsky was assigned to her case, and Martha G. Bronitsky was appointed the chapter 13 trustee (Trustee).

In her petition, debtor listed prior chapter 13 cases filed in 2008 and 2010 in which she was a joint debtor with her husband Nishan Singh Hundal (Husband). Those cases were dismissed for failure to make plan payments. Not listed in her petition was a chapter 13 case debtor filed individually in November 2012, which was dismissed in October 2014 for failure to make plan payments. Also not listed was another chapter 13 case Husband had filed individually in August 2012, which was dismissed in May 2013 for failure to make plan payments. In addition, debtor did not disclose that Husband had a chapter 13 case pending before Judge Lafferty.[3]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] Debtor provided only the order appealed from in her excerpts of record. Accordingly, we have exercised our discretion to independently review several electronically filed documents in debtor's underlying bankruptcy case in order to develop a fuller understanding of the record. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989).

[3] In addition to these cases, debtor and her spouse filed a
(continued...)

-2-

On July 8, 2015, the bankruptcy court issued an "Order To File Required Documents Notice Re Automatic Dismissal," which ordered debtor to file missing schedules and other documents within fourteen days of the order (July 8 Order).[4] The missing schedules and other documents included Schedules I and J (Official Form 6), a declaration concerning her schedules (Official Form 6), and a statement of current monthly income and calculation of commitment period and disposable income (B22C). Unless debtor received a court order extending the time for her to file these documents, the July 8 Order stated that the court would dismiss her case without further notice or hearing if the documents were not timely filed. The docket entry shows that the deadline for filing the documents was July 22, 2015.

On July 15, 2015, debtor filed an ex parte request for an extension of time to file the documents. A secured creditor, Alice Walker (Creditor), opposed the request. Creditor had filed a motion for relief from stay to foreclose on debtor's and Husband's residence in the related chapter 13 case pending before Judge Lafferty. Creditor informed Judge Efremsky that

[3](...continued)
chapter 11 petition on behalf of their business, Tip Top Novelties, on September 19, 2011. That case was dismissed on October 29, 2011. Tip Top Novelties subsequently filed a petition under chapter 7 on November 29, 2011. The non-residential landlord was granted relief from the automatic stay on January 24, 2012. The bankruptcy court entered a Final Decree on April 4, 2012.

[4] The notice also contained a forty-five day deadline which provided for automatic dismissal pursuant to § 521(i). That deadline is not relevant in this appeal since the bankruptcy court dismissed the case prior to the final day of the forty-five day deadline.

she sought in rem relief as to the property due to multiple and serial filings by debtor and Husband. Creditor also asserted that it appeared debtor intentionally failed to list Husband's case in her petition and that at the in rem relief from stay hearing, which was heard one day after debtor filed her petition, Husband did not notify Judge Lafferty or Creditor's counsel that his wife had filed a new case the day before.

Creditor further asserted that Husband told Judge Lafferty that the California state court had granted a stay as to his and debtor's obligations to make payments to her. However, no such stay as to payments had been entered. Instead, only a temporary restraining order (TRO) impacting her ability to foreclose had been entered. The TRO was dissolved when debtor and Husband failed to make the required payments. Judge Lafferty continued the relief from stay hearing to July 22, 2015, and ordered Husband to provide evidence of a stay by July 15, 2015. However, prior to the July 22, 2015 hearing date, the court dismissed Husband's chapter 13 case for failure to make plan payments. Finally, Creditor requested that debtor's case be assigned to Judge Lafferty.

On July 17, 2015, Judge Efremsky denied debtor's request for an extension of time.

Thereafter, Trustee filed a motion to dismiss debtor's case on bad faith grounds under § 1307(c) due to her multiple bankruptcy filings, all of which had been dismissed. Trustee further requested the court to bar debtor from filing any bankruptcy case for a period of twelve months.

On July 24, 2015, debtor filed a summary of schedules,

-4-

Schedules A, B, C, I and J, and the chapter 13 calculation of disposable income on Form B22C. She did not file a declaration concerning her schedules (Official Form 6). On the same day, debtor filed opposition to Creditor's request to transfer the case to Judge Lafferty.

On July 28, 2015, Judge Efremsky signed an order dismissing debtor's case because she failed to comply with his July 8 Order (Dismissal Order). The record shows that debtor filed most of the documents late and never filed a declaration concerning her schedules. In the Dismissal Order, the court retained jurisdiction to hear and resolve Trustee's motion to dismiss and the bar to refiling, which was set for hearing on August 18, 2015. The Dismissal Order also barred debtor from filing any bankruptcy case prior to the August 18, 2015 hearing. The court entered the Dismissal Order on July 29, 2015.

On July 30, 2015, debtor filed her notice of appeal pro se.

Meanwhile, Trustee's motion to dismiss was continued from August 18, 2015 to April 19, 2016. On April 6, 2016, Trustee withdrew her motion to dismiss, filed her final report and was discharged.

## II.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Did the bankruptcy court abuse its discretion in dismissing debtor's case?

-5-

## IV. STANDARD OF REVIEW

We review an order dismissing a chapter 13 bankruptcy case for abuse of discretion. Brown v. Sobczak (In re Sobczak), 369 B.R. 512, 516 (9th Cir. BAP 2007).

To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

## V. DISCUSSION

Debtor filed an "opening brief" on September 25, 2015, and another document labeled as a "brief" on December 18, 2015. In both, debtor maintains that Judge Lafferty "cancelled" or ordered her bankruptcy to be dismissed on July 29, 2015, and that he was not "her judge." She also complains that she was not given a chance to explain her case before Judge Efremsky so she filed an appeal.

Although we liberally construe debtor's briefs due to her pro se status, Kashani v. Fulton (In re Kashani), 190 B.R. 875, 883 (9th Cir. BAP 1995), these claims have no merit. Judge Efremsky signed the order dismissing debtor's case based upon her failure to comply with the July 8 Order. That order gave debtor fourteen days to submit the missing schedules and documents. Although she moved for an extension of time to file the missing documents, the court denied her request. Without an

-6-

extension, the fourteen day period ran on July 22, 2015.[5] Debtor filed some of the missing documents on July 24, 2015, but never filed a declaration concerning her schedules (Official Form 6). The July 8 Order gave debtor notice that if she did not comply with the order, her case would be dismissed without further notice or a hearing. Since she did not comply, no hearing was necessary. In short, even liberally construed, debtor's "briefs" fail to present any facts or legal arguments that suggest the bankruptcy court abused its discretion in dismissing her case.

## VI. CONCLUSION

For the reasons stated, we AFFIRM.

---

[5] Rule 9006(a) provides in relevant part:

The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.
(1) Period stated in days or a longer unit
When the period is stated in days or a longer unit of time:
(A) exclude the day of the event that triggers the period;
(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.