**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>JENNIFER VERA GUTIERREZ,<br><br><br>Debtor. | BAP No. NC-17-1350-KuFB<br>NC-17-1351-KuFB<br>(related)<br><br>Bk. No. 17-42410-WJL |
| JENNIFER VERA GUTIERREZ,<br>Appellant,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br>Appellees. | MEMORANDUM* |

Argued on November 29, 2018, at San Francisco, California

Submitted on January 25, 2019

Filed – January 31, 2019

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable William J. Lafferty, Bankruptcy Judge, Presiding

---

 * This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appearances:     Appellant Jennifer Vera Gutierrez on brief pro se; Martha J. Simon argued for appellee Pacific Gas and Electric Company.

Before: KURTZ, FARIS, and BRAND, Bankruptcy Judges.

Chapter 13[1] debtor, Jennifer Vera Gutierrez, appeals from the bankruptcy court's order barring her from filing a petition under any chapter of the Bankruptcy Code in any court for a period of one-year (BAP No. 17-1350). The one year period expired on November 15, 2018, prior to the scheduled hearing in this appeal. Accordingly, we DISMISS this appeal as MOOT because we cannot grant effective relief.[2] *See GE Capital Mortg. Servs. (In re Fernandez)*, 227 B.R. 174, 178 (9th Cir. BAP 1998).

Ms. Gutierrez also appeals from the bankruptcy court's orders dismissing her case and denying her motion to vacate the dismissal (BAP No. 17-1351). For the reasons explained below, we AFFIRM.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] The order also denied Pacific Gas and Electric Company's (PG&E) request for sanctions against Debtor. PG&E has not appealed from that ruling.

## FACTS

### A.      Bankruptcy Events

Ms. Gutierrez filed a skeletal chapter 13 case on September 25, 2017. The Notice of Prior Filings showed that she had filed 13 bankruptcy cases since May of 2010. All of those cases had been dismissed and in two of the cases, the bankruptcy court had entered a one-year bar. At the time of her filing, Ms. Gutierrez owed over $15,000 to PG&E.

The day after her filing, the bankruptcy court entered an Order to File Required Documents and Notice of Automatic Dismissal. Ms. Gutierrez had fourteen days from the petition date, or until October 9, 2017, to file her documents (Filing Deadline). If she failed to do so, her case was subject to automatic dismissal without further notice or a hearing. Ms. Gutierrez could request an extension and if an extension was granted and the documents were not filed, the order informed her that her case may be dismissed.

On October 5, 2017, PG&E filed a motion to dismiss Ms. Gutierrez's case with a ten year bar based on Debtor's bad faith. The motion was grounded upon Ms. Gutierrez's multiple prior filings which had all been dismissed based on her failure to appear at the § 341(a) meeting, make chapter 13 payments, or comply with court orders to file appropriate papers and confirm chapter 13 plans. PG&E argued that the prior one-year bars issued in two of Ms. Gutierrez's dismissed cases were not sufficient to

3

deter her from re-filing and, therefore, a ten-year bar was appropriate.

PG&E also argued that Ms. Gutierrez was a vexatious litigant due to her prior filings. PG&E requested the bankruptcy court to enter an order with a term of ten years which required Debtor to obtain leave from the bankruptcy judge before filing another case. Finally, PG&E requested sanctions in the amount of $10,000.

On the same date, Ms. Gutierrez filed a motion requesting a two week extension of time to file her documents. Ms. Gutierrez's motion stated that she had recently hired an attorney to help her with her bankruptcy case. She further explained she had encountered unexpected hardship due to water damage to her primary residence. As a result of the damage, Ms. Gutierrez and her family had been living at a hotel since August 7, 2017.

The bankruptcy court granted her motion and entered an order on October 6, 2017, giving Ms. Gutierrez a one-week extension instead of a two week extension due to her prior filing history (Extension Order). The Extension Order mistakenly showed the deadline to file her documents as October 12, 2017, which was three days past the October 9, 2017 Filing Deadline, instead of October 16, 2017, which was one week past the deadline. Ms. Gutierrez did not file her documents by October 12th or 16th.

On October 16, 2017, the chapter 13 trustee (Trustee) filed a motion to dismiss Ms. Gutierrez's case based on her failure to file the required

documents by the October 12th deadline in the Extension Order.

The parties filed a number of pleadings on October 17, 2017. First, Trustee joined in PG&E's motion to dismiss, arguing for a one-year bar to refiling based on Ms. Gutierrez's lack of good faith in the commencement of the case.[3] Second, Ms. Gutierrez filed the balance of her schedules and chapter 13 plan with the Clerk's office as she did not have the ability to file electronically.[4] Third, the bankruptcy court entered an order dismissing Ms. Gutierrez's case because she failed to meet the October 12, 2017 deadline (Dismissal Order). In the Dismissal Order, the bankruptcy court retained jurisdiction to hear any pending motions.

On October 23, 2017, Ms. Gutierrez filed an ex parte motion to vacate the Dismissal Order (Motion to Vacate). Ms. Gutierrez again stated that she had hired an attorney to represent her in the bankruptcy case and explained that he could not file the documents electronically. She picked them up from her attorney on October 16, 2017. Since her home was fifty-three miles from the courthouse, she could not arrive there before it closed. Accordingly, she took the documents to the courthouse on October 17, 2017, and filed them. Ms. Gutierrez also explained that her mother had

---

[3] Trustee later withdrew this motion after the bankruptcy court dismissed Ms. Gutierrez's case for failure to file the required documents by the October 12, 2017 deadline.

[4] The documents were not docketed until the following day.

5

become very ill, so she needed additional time to file her documents. Finally, Ms. Gutierrez stated that she drives from the hotel in Stockton to her home in Discovery Bay daily to get her mail. Ms. Gutierrez maintained that she retrieved her mail on Friday, October 13, 2017, and found the Extension Order stating that her documents were due the day before.[5]

PG&E opposed Ms. Gutierrez's Motion to Vacate. PG&E pointed out that Ms. Gutierrez was a professional pro se litigant and serial bankruptcy filer and thus was well aware of court requirements.

Trustee opposed the Motion to Vacate, contending that Ms. Gutierrez failed to show relief was warranted under Civil Rule 60(b) based on mistake, inadvertence, surprise, or excusable neglect. Trustee pointed out that Ms. Gutierrez had filed fourteen bankruptcy cases (including the instant case) since 2007 and was well familiar with schedules and deadlines and their consequences.

On October 24, 2017, PG&E discontinued service to Ms. Gutierrez's home.

Ms. Gutierrez's attorney, Peter Pappas, submitted a declaration in support of her Motion to Vacate. Mr. Pappas declared that her 100% plan showed her good faith and was fair to creditors. He further declared that if the court continued the matter for thirty to sixty days to see if

---

[5] Ms. Gutierrez stated in a later filed pleading that she received the Extension Order in the mail on October 12, 2017, the same day her documents were due.

6

Ms. Gutierrez followed through with the payments there would be little harm to creditors, whereas if the court denied the Motion to Vacate, Ms. Gutierrez and her five children would be without electricity.

On November 9, 2017, the bankruptcy court heard PG&E's motion to dismiss and Ms. Gutierrez's Motion to Vacate. Counsel for PG&E, Martha Simon, explained that PG&E had entered into five payment plans with Ms. Gutierrez since April 2017 and each time she failed to comply with the terms. Ms. Simon also pointed out that Ms. Gutierrez had filed a total of fourteen cases in the past ten years and another five in the three years prior to that. Ms. Simon clarified for the court that only one of the prior dismissed cases had been filed in 2017 and that the instant case was Ms. Gutierrez's second filing in 2017.

Trustee also appeared and requested the court to enter an order barring Ms. Gutierrez from refiling for a one year period.

Ms. Gutierrez's attorney, Mr. Pappas, explained to the court that he assisted Ms. Gutierrez and her husband with drafting a 100% plan. According to Mr. Pappas, this demonstrated good faith. Mr. Pappas further noted that the $15,000 Ms. Gutierrez owed to PG&E was "peanuts" and that PG&E's disruption of Ms. Gutierrez's service was "amazing." He also asked: "[H]ow is it going to hurt the court or PG&E if this plan goes through?" The Court asked: "Is that it?" Mr. Pappas: "Yes."

In its findings of fact and conclusions of law, the bankruptcy court

7

summarized the two issues before it as (1) whether there was a reason to vacate the dismissal and (2) what should the court do given Ms. Gutierrez's extraordinary history of abuse. In answering the first question, the court found there was no reason to vacate the dismissal. The court observed that Ms. Gutierrez had an "extraordinary background" in bankruptcy matters and certainly knew what was supposed to happen and when. The bankruptcy court found nothing in the record that suggested excusable neglect for the late-filed documents, noting that Ms. Gutierrez had been "around the bankruptcy block a number of times" and had cases dismissed by the bankruptcy judge's predecessors. In considering Ms. Gutierrez's abuse, the bankruptcy court found a one-year bar to refiling was appropriate under the circumstances.

On November 14, 2017, the bankruptcy court entered an order barring Ms. Gutierrez from filing a bankruptcy case under any chapter of the Bankruptcy Code in any court for a period of one year from date of entry of the order and denying PG&E's request for sanctions. The order did not mention granting PG&E's motion to dismiss because Ms. Gutierrez's case was already dismissed, although on other grounds.

On the same date, the bankruptcy court entered an order denying Ms. Gutierrez's Motion to Vacate. Ms. Gutierrez timely appealed both

orders.[6]

## B.    Post-appeal Events

### 1.    Ms. Gutierrez's Motion For A Stay Pending Appeal

Ms. Gutierrez moved for a stay pending appeal in the BAP in both appeals. The BAP denied her motions without prejudice to re-filing if it was demonstrated that a motion for stay pending appeal was presented to the bankruptcy court and was either denied or not acted upon in a timely manner.

Ms. Gutierrez then moved for a stay pending appeal in the bankruptcy court. Among other things, Ms. Gutierrez argued that she did not receive the bankruptcy court's Extension Order until October 12, 2017, the due date for filing her documents. She opined that the delivery of the Extension Order was delayed because no mail was delivered on October 9, 2017, a federal holiday. She reiterated that she hired Mr. Pappas and did not pick up the balance of the schedules from him until October 16, 2017. After she filed the documents on October 17, 2017, the bankruptcy court dismissed her case.

The bankruptcy court set a hearing on the matter. After hearing

---

[6] In BAP No. 17-1351, Ms. Gutierrez's notice of appeal refers only to the order denying her Motion to Vacate. Her Motion to Vacate was filed within ten days of the entry of the Dismissal Order, thereby tolling the time for appeal. Therefore, both the Dismissal Order and the order denying her Motion to Vacate are properly before this Panel.

9

argument from Ms. Gutierrez pro se and PG&E's counsel, Ms. Simon, the bankruptcy court considered the factors for imposing a stay pending appeal and found no stay was warranted. However, in a lengthy discussion, the court decided to treat Ms. Gutierrez's motion for a stay pending appeal as a motion for reconsideration of the denial of Ms. Gutierrez's Motion to Vacate. The bankruptcy court observed that her motion for a stay pending appeal appeared to be asking the court to change its mind about the dismissal of her case.

The bankruptcy court further explained that it discovered the one week extension it granted Ms. Gutierrez for filing her documents should have set the new deadline as October 16, 2017. Ms. Gutierrez had filed the documents on October 17th, one day late. Based on these facts, the bankruptcy court explained that it did not know whether it would have vacated the Dismissal Order. Nonetheless, the court observed that there were other grounds for dismissal besides Ms. Gutierrez's late-filed documents due to her filing history.

On February 27, 2018, the bankruptcy court entered an order denying Ms. Gutierrez's motion for a stay pending appeal. On the same date, the bankruptcy court issued a Memorandum Pursuant to Rule 8008(a)(3).[7]

---

[7] Rule 8008(a)(3) allows a court to inform an appellate court when a motion is filed regarding a matter, jurisdiction over which has been divested by an appeal, that raises a substantial issue.

There, the bankruptcy court stated that its Extension Order contained an incorrect date and this raised a substantial issue with respect to Ms. Gutierrez's construed motion to reconsider. The court acknowledged that it lacked authority to reconsider whether its decision denying Ms. Gutierrez's Motion to Vacate was proper since she had appealed. Accordingly, pursuant to Rule 8008(b), the bankruptcy court required Ms. Gutierrez to notify the clerk of the BAP of its Memorandum which explained that her motion for reconsideration had raised a substantial issue for the court to deal with were the case to be remanded for that purpose.

Ms. Gutierrez subsequently moved for a stay pending appeal in both appeals with the BAP. The BAP denied her requests.

**2.      The Remand**

In response to the bankruptcy court's Memorandum, the BAP entered an order remanding the appeal in BAP No. 17-1351 to the bankruptcy court.

On remand, the bankruptcy court set a hearing for March 28, 2018, to (1) decide if the faulty Extension Order justified relief as a matter of law, (2) determine if the order had misled Ms. Gutierrez and contributed to her failure to timely file her documents, and (3) determine what effect, if any, the order had on PG&E's motion to dismiss the case for abuse with a bar to refiling.

PG&E opposed, contending that there was no basis for relief under

11

Civil Rule 60(b). It further argued that the court's error in the Extension Order was harmless because Ms. Gutierrez failed to file her documents by October 12th or 16th. Finally, PG&E argued that Ms. Gutierrez's bad faith justified dismissal of the case and denial of the motion for stay pending the appeals.

In response, Ms. Gutierrez argued that the notice regarding the Extension Order was issued on October 6, 2017 (Friday) and not mailed to her until October 8, 2017 (Sunday). The following day, October 9, 2017, was a federal holiday. Therefore, the order was sent through the mail on Tuesday, October 10, 2017. Ms. Gutierrez claims she received the Extension Order on October 12, 2017, the day the documents were due. She again maintained that it would have been physically impossible for her to comply with the court's order since she files hard copies in the courthouse and lives fifty three miles from the Clerk's office.

Ms. Gutierrez also argued that if the documents were due on October 9, 2017, which was Columbus Day, she would not have been able to file documents on that date. Rather, she would have been able to file documents on October 10, 2017, and a one-week extension would have given her to October 17, 2017, which was the date she filed the documents.[8]

Finally, Ms. Gutierrez noted that the Extension Order was

---

[8] On March 7, 2018, Ms. Gutierrez filed an "Amended Statement of Issues" which was in essence an informal brief that incorporated this argument.

12

contradictory because the calculations for the deadline did not make sense.

The court took the matter under submission.

On April 6, 2018, the bankruptcy court issued its Order Denying Motion For Reconsideration which it considered under Civil Rule 60(b). The court found that Ms. Gutierrez's filing of her documents five days past the October 12, 2017 deadline in the Extension Order was not (according to her own statement) due to confusion over the order's ambiguous language giving a "one week" extension (she did not even notice it). The bankruptcy court further noted that Ms. Gutierrez filed the documents one day after October 16, 2017, which was the most generous order. In the end, the court viewed the ambiguity in the Extension Order as harmless.

Next, although Ms. Gutierrez had complained about how far she lived from the bankruptcy court, the court noted that it was not physically impossible to drive fifty three miles in one day to reach the court from Ms. Gutierrez's residence, particularly when doing so was necessary to meeting a deadline imposed by the court.

In addition, the bankruptcy court noted that Ms. Gutierrez was not entitled to an extension of any length for filing the required documents. The court observed that it could have declined to grant an extension on the basis that, given Ms. Gutierrez's many past filings and dismissals for failure to file documents, there was no question she knew what documents she needed to file with her petition. Ms. Gutierrez was given an extension

to October 12th to file documents to complete a petition filed on September 25, 2017. The court found that neither the entirely unnoticed ambiguity in the Extension Order nor any other excuse offered by Ms. Gutierrez constituted cause under Civil Rule 60(b) to reconsider the order denying Ms. Gutierrez's Motion to Vacate.

Finally, the bankruptcy court observed that it had invited both parties to comment on the court's dismissal of this case in light of Ms. Gutierrez's history of filings and dismissals, citing *Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935, 942 (9th Cir. BAP1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999). The court noted that Ms. Gutierrez did not argue that dismissal on those grounds was inappropriate. In addition, the court explained that it granted PG&E's motion to dismiss based on Ms. Gutierrez's abuse and entered an order with a one-year bar to Ms. Gutierrez's refiling. The court further explained that the reason the order granting PG&E's motion did not also dismiss the underlying bankruptcy case is that the case was already dismissed. In the end, the court opined that it had every reason to believe that, were Ms. Gutierrez to prevail on her motion to vacate the Dismissal Order based on her failure to timely file documents, the court would grant PG&E's motion to dismiss (which was joined by Trustee) anyway. For these reasons, the bankruptcy court denied the motion for reconsideration by

order entered on April 6, 2018.[9]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We do not have jurisdiction over BAP No. 17-1350 as we cannot exercise jurisdiction over a moot appeal. *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001). We have jurisdiction over BAP No. 17-1351 under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion when it dismissed Ms. Gutierrez's bankruptcy case due to her failure to timely file the required documents?

Did the bankruptcy court abuse its discretion when it denied Ms. Gutierrez's Motion to Vacate?

## STANDARD OF REVIEW

We review an order dismissing a chapter 13 bankruptcy case for abuse of discretion. *Brown v. Sobczak (In re Sobczak)*, 369 B.R. 512, 516 (9th

---

[9] Ms. Gutierrez did not amend her notice of appeal to include the order denying her motion for reconsideration. Nonetheless, we conclude that her notice of appeal incorporates the bankruptcy court's supplemental findings of fact and conclusions of law which clarified or amended its previous findings on the denial of Ms. Gutierrez's Motion to Vacate. Further, PG&E had notice and an opportunity to brief the issues that arise out of both the underlying order denying the Motion to Vacate and the order denying reconsideration. Accordingly, we discern no prejudice from Ms. Gutierrez's failure to amend her notice of appeal. *See United States v. Arkison (In re Cascade Rds., Inc.)*, 34 F.3d 756, 761-62 n.5 (9th Cir. 1994).

Cir. BAP 2007).

We review the bankruptcy court's denial of Ms. Gutierrez's Motion to Vacate for abuse of discretion. *Pilkington v. Cardinal Health, Inc. (In re Syncor ERISA Litig.)*, 516 F.3d 1095, 1099 (9th Cir. 2008).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

### A. The bankruptcy court did not abuse its discretion when it dismissed Ms. Gutierrez's bankruptcy case.

Rule 1007(c) requires a debtor to file schedules, statements, and other documents with the petition or within fourteen days thereafter. Rule 3015 requires a chapter 13 debtor to file a plan with the petition or within fourteen days thereafter.

Here, the bankruptcy court gave Ms. Gutierrez an extension of time beyond the fourteen days to file the required documents and her plan. She failed to file the required documents by the deadline stated in the Extension Order. Accordingly, the bankruptcy court was entitled to enforce the Extension Order and dismiss Ms. Gutierrez's bankruptcy case without

further notice. *See Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 869-70 (9th Cir. BAP 2004). The bankruptcy court did not err or abuse its discretion by dismissing her case.

**B.    The bankruptcy court did not abuse its discretion when it denied Ms. Gutierrez's Motion to Vacate.**

A motion to reconsider or vacate may be treated either as a motion to alter or amend the judgment under Civil Rule 59(e) or as a motion for relief from judgment under Civil Rule 60(b). Ms. Gutierrez did not specify in her Motion to Vacate the rule under which she was proceeding. Her motion was filed within fourteen days following the date of entry of the Dismissal Order. Therefore, her motion was technically a motion to alter or amend the judgment under Civil Rule 59(e). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Despite the timing of Ms. Gutierrez's motion, a court should construe a motion according to the relief requested. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). Ms. Gutierrez requested the bankruptcy court to vacate the Dismissal Order because she was dealing with a medical emergency, she was living in a hotel with her family due to water damage to her primary residence, her attorney could not file the documents electronically, and she did not get notice of the extension in the mail quickly enough. For all these reasons, she was unable to file her documents in a timely manner. Therefore, the gist of her motion was that

17

the Dismissal Order should be vacated based on excusable neglect, which implicates Civil Rule 60(b)(1).

Moreover, although the bankruptcy court did not explicitly rely on Civil Rule 60(b)(1) in its decision denying Ms. Gutierrez's Motion to Vacate, it mentioned in its findings that Ms. Gutierrez had not shown cause for reconsideration based on excusable neglect.[10] Accordingly, we analyze Ms. Gutierrez's Motion to Vacate and the bankruptcy court's decision denying that motion under Rule 60(b)(1) and the excusable neglect standards.

The test for determining "excusable neglect" is well established: it is "at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Such an analysis requires the weighing or balancing of relevant factors, including: (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.*; *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (holding that per se rules are not consistent with

---

[10] In denying Ms. Gutierrez's motion for reconsideration, the bankruptcy court explicitly relied on Civil Rule 60(b). This was most likely due to the timing as it was well past the fourteen day deadline under Civil Rule 59(e).

*Pioneer*).

The Ninth Circuit adopted the equitable test in *Pioneer* to determine whether neglect is "excusable" under Civil Rule 60(b)(1). *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997). Accordingly, the court is required to consider all the relevant circumstances, including the factors in *Pioneer. Id.* Finally, this Circuit has "admonished that, as a general matter, [Civil] Rule 60(b) is 'remedial in nature and . . . must be liberally applied.'" *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695–96 (9th Cir. 2001) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

In its ruling on the Motion to Vacate, the bankruptcy court did not cite the *Pioneer* factors or mention its equitable test. Nonetheless, it is apparent from the record that the bankruptcy court actually did conduct the equitable analysis laid out in *Pioneer*. The record shows that the court considered Ms. Gutierrez's reasons for the delay in filing her documents and did not find them persuasive in light of her background and experience with bankruptcy deadlines. Moreover, the bankruptcy court addressed the ambiguity in the Extension Order and concluded that the ambiguity was not a cause for Ms. Gutierrez's delay in filing her documents because (1) she wasn't even aware of the ambiguity and (2) even under the most generous extension of one week until October 16, 2017, she still failed to file her documents by that date. In addition, the bankruptcy court was particularly concerned with Ms. Gutierrez's lack of

good faith due to her previous bankruptcy filings which had all been dismissed, some with a one-year bar. The bankruptcy court also implicitly considered the prejudice to PG&E and the chapter 13 trustee due to Ms. Gutierrez's numerous bankruptcy filings over the years. Finally, although the length of the delay from October 12th to October 17th was not great, the court found that Ms. Gutierrez's untimely filing was not excusable in light of her past bankruptcy filings and knowledge of filing deadlines.

In *Pioneer*, the Supreme Court indicated that some factors may be more important than others (in particular, prejudice to the nonmovant or bad faith) in determining excusable neglect: "To be sure, were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be 'excusable.'" *Pioneer*, 507 U.S. at 398–99. Here, Ms. Gutierrez's prior filings and dismissals based on her failure to comply with court orders, file documents, or file chapter 13 plans, are ample evidence of her bad faith.

In sum, when the record shows, as it does here, that the totality of the circumstances militates against any finding of excusable neglect, the court must deny the relief sought. The bankruptcy court applied the correct legal standards for determining excusable neglect and its factual findings were plausible and supported by reasonable inferences that may be drawn from

20

the facts in the record. Accordingly, the court did not abuse its discretion when it denied Ms. Gutierrez's Motion to Vacate.

## CONCLUSION

Ms. Gutierrez's appeal of the order barring her from filing a petition under any chapter of the Bankruptcy Code in any court for a period of one year (BAP No. 18-1350) is DISMISSED as MOOT because the one year expired prior to the hearing on this appeal.

We AFFIRM the orders dismissing Ms. Gutierrez's bankruptcy case and denying her Motion to Vacate (BAP No. 18-1351).