**In re Dawn Jean KYLE, Debtor.**

**Dawn Jean Kyle, Appellant,**

**v.**

**Carolyn A. Dye, Chapter 7 Trustee, Appellee.***

**BAP No. CC–03–1620–KMoB.**
**Bankruptcy No. LA 01–42196–VZ.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Nov. 9, 2004.

---

* Appellant named "Clifford Irving, Special Administrator," as an additional appellee. As that individual has neither participated, nor has an apparent role, in this appeal, his name is stricken from the caption. Fed. R. Bankr.P. 9005.

Carolyn A. Dye, Law Offices of Carolyn Dye, Los Angeles, CA, Chapter 7 Trustee, pro se.

Before KLEIN, MONTALI, and BRANDT, Bankruptcy Judges.

## ORDER DENYING MOTION FOR REHEARING

KLEIN, Bankruptcy Judge.

After this appeal took a bad turn at oral argument, Appellee Chapter 7 trustee started complaining about the omission from the record of some pages of transcript of a bankruptcy court hearing.

We conclude that we correctly evaluated the interstices of the record and DENY Appellee's Motion for Rehearing of our decision to reverse the trial court. We publish to emphasize Appellee's duty to protect her own record so as to assure that the appellate record is adequate to support its position. The corollary is that Appellee bears the risk of omission.

*Facts*

We filed an unpublished memorandum decision on August 10, 2004, in which we reversed an order reconsidering and denying, on account of perceived debtor misconduct, the $125,000 homestead exemption that the court earlier had allowed. Thus, when the trustee sold the Appellant debtor's home for $261,000, she was not paid the exemption amount.

We held that the appropriate remedy for a debtor's excessive gamesmanship surrounding an exemption that is available as a matter of law is to surcharge, rather than deny outright, the claimed exemption and held that the assessment of a surcharge required the bankruptcy court to balance the relative degrees of culpability between a debtor who was being difficult and a trustee who appeared to have acted both belatedly and in a manner that overly complicated the situation.

We noted in our decision that, if the bankruptcy court did opt for surcharge, then in fashioning the surcharge there would need to be "significant scrutiny" of the appropriate amount of the trustee's professional expenses incurred in dealing with the exemption issues so as not to reward what appeared to have been an inefficient and unnecessary litigation strategy.

Appellee filed a Motion for Rehearing under Federal Rule of Bankruptcy Procedure 8015, contending that part of the transcript of the proceedings had been omitted and then filed a transcript that was about 4.5 pages longer than the 20 pages Appellant had placed in the appellate record.

The difference between the transcripts is that the longer version contains the court's precise explanation for denying the debtor her exemption, which was made at the outset of a multi-subject hearing, while the shorter version presents the court's summation of its rulings at the end of the hearing. The court made that ruling at the outset of the hearing based on evidence of record and the written positions of the parties, then proceeded to consider the trustee's motion to sell the debtor's residence, and finished by authorizing the sale and making clear that it was denying the debtor the right to take her $125,000 exemption from the proceeds of the $261,000 sale.

We recognized that the transcript contained in the record dealt mainly with the sale motion (which was the main event that day) and was sparse regarding the denial of the exemption. Nevertheless, we were (and remain) satisfied that the record, which included the relevant motion papers, was sufficient for us to understand the court's reasons for its ruling so that we could review the order on appeal.

The parties have, during the pendency of this motion, persisted in their tactics of mutual deprecation by a series of filings (listed in the margin) that exemplify the nature of the infection in this bankruptcy case.[1]

---

1. The docket for this motion includes the following (parties' punctuation preserved):

Appellee's Motion For Rehearing Pursuant To Federal Rule Of Bankruptcy Procedure 8015 (filed 8/19/04);

Appellant's (1) Opposition To Motion For Rehearing Pursuant To Federal Rule of Bankruptcy Procedure 8015(2) Request For Sanctions (filed 8/25/04);

Appellee's Supplement To Motion For Rehearing Pursuant To Federal Rule Of Bankruptcy Procedure 8015 (filed 8/26/04);

Appellant's (1) Supplement To Opposition To Motion For Rehearing Pursuant To Federal Rule of Bankruptcy Procedure 8015(2) Request For Sanctions; (3) Declaration Of David Kyle, Esq. (filed 9/1/04);

Appellee's Second Supplement To Motion For Rehearing Pursuant To Federal Rule Of Bankruptcy Procedure 8015 (filed 9/1/04);

Appellant's (1) Opposition To Appellee's Second Supplement To Motion For Rehearing Pursuant To Federal Rule of Bankruptcy Procedure 8015; (2) Request For Sanctions (filed 9/3/04);

Appellee's Notice Of Non–Receipt And Request For Appellant's Oppositions Filed 8/25/04, 9/1/04 To Appellee's Motion For Rehearing Pursuant To Federal Rule of Bankruptcy Procedure 8015 (filed 9/14/04);

Appellant's (1) Notice Of Duplicate Service Of Appellant's Oppositions Filed 8/25/04, 9/1/04 To Appellee's Motion For Rehearing Pursuant To Federal Rule of Bankruptcy

## Discussion

The fundamental flaw in the premise of Appellee's motion is the incorrect assumption that an appellee has no responsibility to police the appellate record and bears no risk of omission.

We reject Appellee's argument that "[s]ince the Debtor did not provide the correct transcript, this BAP has no choice but to affirm the Bankruptcy Court's order granting the Reconsideration Motion." Appellee's Supplement to Motion for Rehearing Pursuant to Federal Rule of Bankruptcy Procedure 8015, at 6. To the contrary, an appellate court has a number of alternatives when wrestling with an incomplete record or transcript.

■ The settled rule on appellate records in general is that failure to provide a sufficient record to support informed review of trial-court determinations may, but need not, lead either to dismissal of the appeal or to affirmance for inability to demonstrate error. *Cmty. Commerce Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135, 1136–37 (9th Cir.2002); *Everett v. Perez (In re Perez)*, 30 F.3d 1209, 1217–18 (9th Cir.1994); *Hall v. Whitley*, 935 F.2d 164, 165 (9th Cir.1991); *Ashley v. Church (In re Ashley)*, 903 F.2d 599, 605–06 (9th Cir.1990); 16A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3D § 3956.1 (1999) ("WRIGHT, MILLER & COOPER").

■ The settled rule on transcripts in particular is that failure to provide a suffi- cient transcript may, but need not, result in dismissal or summary affirmance and that the appellate court has discretion to disregard the defect and decide the appeal on the merits. *Hall*, 935 F.2d at 165; *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir.1991); *Ashley*, 903 F.2d at 605–06; WRIGHT, MILLER & COOPER § 3956.2.

While there are many examples of dismissal and summary affirmance, there are also many examples of courts exercising their discretion to resolve appeals on the merits when they think they have enough to enable informed review. *E.g., Hall*, 935 F.2d at 165; *Ashley*, 903 F.2d at 599; WRIGHT, MILLER & COOPER § 3956.1.

Moreover, the Ninth Circuit applies an abuse of discretion standard of review to bankruptcy appellate panel and district court decisions to affirm bankruptcy court orders summarily for noncompliance with nonjurisdictional procedural requirements. It views such summary dispositions as tantamount to sanctions. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1189–90 (9th Cir.2003). This implies not only that we have discretion, but also that we should first consider whether informed review is possible in light of what record has been provided.

■ A distinction is drawn between, on the one hand, a record that is so incomplete that it does not permit one to obtain an understanding of the issues, and, on the other hand, an incomplete record that does contain enough to enable review. In the

Procedure 8015; (2) Supplement To Opposition To Motion For Rehearing (filed 9/20/04);

Appellee's Reply To Oppositions Of Appellant Filed 8/25/04, 9/1/04, And 9/3/04 To Motion For Rehearing Pursuant To Federal Rule of Bankruptcy Procedure 8015 (filed 9/24/04);

Appellant's (1) Response To Appellee's Reply To Oppositions Of Appellant Filed 8/25/04, 9/1/04 And 9/3/04, To Motion For Rehearing Pursuant To Federal Rule of Bankruptcy Procedure 8015; (2) Request For Sanctions (filed 9/29/04);

Appellee's Notice Of Non–Receipt And Request For Appellant's Opposition Filed 9/29/04 (filed 10/18/04).

case of the impossibly incomplete record, there is "little choice" but to affirm or dismiss. *Morrissey*, 349 F.3d at 1191. In contrast, the merely incomplete record leaves the appellate court with the possibility that enough of the record might nevertheless be present so as to enable review.

The record provided in this appeal is an example of the latter. The "merely incomplete" record appeared to us then (and now) to be sufficient for us to obtain a complete understanding of the issues so that we could engage in informed review. Hence, we exercised our discretion to resolve the appeal on the merits.

■ When the record is only arguably incomplete, the burden of persuasion that missing testimony either precludes informed review or might lead to a different result in the appeal is on the party complaining of the omission. *Ashley*, 903 F.2d at 606.

■ An appellee stands on tenuous footing when arguing that a record is too incomplete to permit appellate review. While the assembly of the record is appellant's duty, appellate rules allow appellees to participate in the designation of portions of transcripts and other parts of the record. Fed. R. Bankr.P. 8006; Fed. R.App. P. 6(b)(2)(B)(ii) & 10(b)(3)(B).

Similarly, an appellee is permitted to file an appendix containing excepts of the record "which contains material required to be included by the appellant but omitted by appellant." Fed. R. Bankr.P. 8009(b). This provision permitting an appellee to defend its appellate record, places inattentive appellees at some risk because we are not required to look beyond the excerpts of record provided in the appendix and are not required to remand where we are persuaded that we can conduct an informed review with what is at hand. *See Ashley,*

903 F.2d at 605–06; *Kritt v. Kritt (In re Kritt),* 190 B.R. 382, 386–87 (9th Cir. BAP 1995).

We have previously explained that "it is a dubious practice" for an appellee to rely solely on the record supplied by the appellant when the appellee is not satisfied that the record is complete. And, we have cautioned that it is similarly a "dubious practice" for an appellee "to abdicate its responsibility to direct the reviewing court to specific evidentiary support for the findings" supporting the order being appealed. *Friedman v. Sheila Plotsky Brokers, Inc. (In re Friedman),* 126 B.R. 63, 69 n. 12 (9th Cir. BAP 1991).

Thus, an appellee who complains of an incomplete record in circumstances in which the appellate court thinks that it may have enough to permit informed review needs to explain why the defects should not be disregarded as self-inflicted harm. This is especially so when the appellee is content with the record until the middle of oral argument.

■ The import of all this is that Appellee had a duty to protect its victory in the trial court by assuring that the appellate record was sufficiently complete to enable defense of that victory on the merits. The rules of procedure provide tools for doing so. Thus, Appellee had the means and duty to assure that all pertinent portions of the transcript were in a posture to be considered on appeal. By not doing so, Appellee failed to protect its interests in the face of an incomplete record and assumed the risk that the appellate tribunal would not regard the record as so incomplete as to preclude informed review.

Although we recognized that the transcript before us did not contain a comprehensive explanation of why the allowance of the $125,000 exemption was being reconsidered and disallowed, the actual rul-

ing was evident from both the remarks that were made in the transcript and from the balance of the record, which included the motion papers, and provided the information essential to understanding why the bankruptcy court so ruled. Nor did the omitted portion of the transcript contain testimony or other evidence that was not in the motion papers; rather, it is a more complete explanation by the bankruptcy court of its reasoning, which we accurately discerned from the portion that was provided.

In short, by abdicating Appellee's duty to protect the record and raise the transcript issue in advance of oral argument, Appellee assumed the risk that the appeal would be decided without the benefit of the additional portions of the transcript. Raising the matter in a motion for rehearing under Rule 8015 is too little, too late.

The balance of Appellee's arguments in its motion amount to reargument of matters that were addressed during oral argument. We have considered Appellee's reformulation of what she wished had been said during oral argument and are not persuaded that we should revise our decision.

Appellant's requests for sanctions will also be denied. To the extent Federal Rule of Bankruptcy Procedure 8020 applies, the requests are rejected as not being in "a separately filed motion" as required by that rule. To the extent Federal Rule of Bankruptcy Procedure 9011 applies, the requests are rejected for non-compliance with the requirement of a separate motion made after following the prescribed safe harbor procedure. We elect not to act under either of those rules on our own initiative.

\*     \*     \*     \*     \*     \*

The motion for rehearing and the requests for sanctions are DENIED.