FILED

OCT 13 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-16-1011-TaKuKi |
| MARY LOUISE WALKER, | Bk. No.   6:15-bk-21306-SY |
| Debtor. | |
| MARY LOUISE WALKER, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| ROD DANIELSON, Chapter 13 Trustee, | |
| Appellee. | |

Submitted Without Oral Argument[**]
on September 22, 2016

Filed – October 13, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott Ho Yun, Bankruptcy Judge, Presiding

Appearances:    Appellant Mary Louise Walker, pro se, on brief; Elizabeth Anne Schneider of the Office of Rod Danielson, Chapter 13 Trustee, on brief for appellee.

Before:   TAYLOR, KURTZ, and KIRSCHER, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   The Panel unanimously determined that the appeal was suitable for submission on the briefs and record pursuant to Rule 8019(b)(3).

**INTRODUCTION**

Debtor Mary Louise Walker appeals from an order denying her motion to reinstate her dismissed chapter 13[1] case. We AFFIRM the bankruptcy court.

**FACTS**

The Debtor, pro se, filed a skeletal chapter 13 petition. Two days later, the bankruptcy court issued two documents: (1) a Case Commencement Deficiency Notice and (2) an Order to Comply with Bankruptcy Rule 1007 and 3015(b) and Notice of Intent to Dismiss Case.

The deficiency notice identified five documents that the Debtor was required to file within 14 days from the petition date. It warned that failure to cure the deficiencies could result in case dismissal. The order required the Debtor to file several more documents and contained the following warning:

> **IF YOU DO NOT COMPLY** in a timely manner . . ., the court **WILL DISMISS YOUR CASE WITHOUT FURTHER NOTICE**.

Emphasis in original. Again, the Debtor was instructed to file these documents within 14 days from the petition date.

The Debtor failed to file five documents within the 14 day time period. As a result, the bankruptcy court dismissed the chapter 13 case.

In response, the Debtor filed a "Motion to Reinstate Dismissed Case, Due to Time Restraint to File Breifing [sic],

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

Retrieving Evidence upon Discovery, Motion Pursuant to FRCP 56(f)" ("Motion to Reinstate") and a declaration. The caption page referenced an adversary proceeding naming Federal National Mortgage Association as defendant. But Federal National Mortgage Association was not among the Debtor's creditors, and she had not filed any adversary proceeding prior to dismissal of her chapter 13 case.

Given its lack of facial relevance, it is unsurprising that the Motion to Reinstate included nothing relevant to the dismissal of the Debtor's chapter 13 case. Save for the Debtor's name and the case number, the entire Motion to Reinstate - including the caption page, content, and declaration - duplicated a document filed by another debtor in another bankruptcy case pending in the Central District of California.[2] See Ramirez v. Fed. Nat'l Mortg. Ass'n (In re Ramirez), 6:15-ap-01162-MH, Dkt. No. 16 (Bankr. C.D. Cal. 2015). Ramirez's motion related to the Civil Rule 12(b)(6) dismissal of his adversary proceeding against Federal National Mortgage Association.

At a hearing, the bankruptcy court denied the Motion to Reinstate. We do not know the details of the proceeding, however, because the Debtor did not provide us with a transcript of the hearing. Following the bankruptcy court's entry of an

---

[2] The Motion to Reinstate contained a reference to the declaration of Ismael Ramirez in the footer section of each page. We exercised our discretion to take judicial notice of Ramirez's motion, filed electronically in Ramirez v. Federal National Mortgage Association (In re Ramirez), 6:15-ap-01162-MH (Bankr. C.D. Cal. 2015). See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

order, the Debtor appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in denying the Debtor's Motion to Reinstate.

**STANDARD OF REVIEW**

We review for an abuse of discretion the denial of a motion for reconsideration. See N. Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir. 1992). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

**Scope of appeal**. The Debtor's initial notice of appeal referenced (and attached) only the order denying the Motion to Reinstate. An amended notice of appeal stated "dismissed" in the description of the order appealed from and referred to the entry date of the order denying the Motion to Reinstate. The Debtor's opening brief stated the issues on appeal as whether "[t]he bankruptcy court erred in dismissing Debtor's case for a premature ruling" and whether it "erred in denying debtor's

4

motion for relief from the dismissal order." And the statement of issues on appeal does not reference any issue obviously relevant to either the initial dismissal of the case or the denial of the Motion to Reinstate.[3] On this record, we conclude that the only order before us on appeal is the order denying the Motion to Reinstate.

To the extent the Debtor intended to appeal from the dismissal order, however, her appeal must fail. On appeal, she did not present any factual or legal arguments suggesting that the bankruptcy court abused its discretion in dismissing her case. Indeed, she completely failed to address case dismissal. As a result, she waived any relevant issue on appeal. See Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (appellate courts "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.").

**Motion to Reinstate.** In light of the liberal construction appropriate with filings by a self-represented litigant, we construe the Motion to Reinstate as a motion to reconsider case dismissal; she evidently sought to revive a case and the only case dismissed was her bankruptcy case. The requirement of

---

[3] The Debtor's statement of issues on appeal inquires whether: the bankruptcy court had subject matter jurisdiction over her claims; the defendant(s) preserved "their" arguments on appeal; and the bankruptcy court properly denied the defendants' directed verdict with respect to certain causes of action. None of those issues are relevant to this appeal.

liberal construction, however, aids the Debtor no further.[4]

The order denying the Motion to Reinstate indicates that the bankruptcy court denied the motion based on its consideration of the pleading and for the reasons stated on the record at the hearing. But the Debtor, in contravention of Rule 8009, failed to supply a transcript. This omission establishes an independent basis for summary affirmance; an informed review is not possible without the transcript. <u>See</u> <u>Kyle v. Dye (In re Kyle)</u>, 317 B.R. 390, 393 (9th Cir. BAP 2004), <u>aff'd</u>, 170 F. App'x 457 (9th Cir. 2006) (citations omitted). And, in the absence of a transcript, we can and do assume that the transcript was not useful to the Debtor in her appeal. <u>See</u> <u>Gionis v. Wayne (In re Gionis)</u>, 170 B.R. 675, 680-81 (9th Cir. BAP 1994). The Debtor cannot claim ignorance of the fact that she needed to file a transcript; the Panel issued an order highlighting this deficiency and requiring her to respond, but she filed neither a response nor the transcript.

Further, while Civil Rule 59 (as incorporated into bankruptcy proceedings by Rule 9023) supplies a basis to alter or amend a court order, it requires that the movant argue that

---

[4] Recently, the Debtor moved to "add" supplemental documents and evidence to the record. In response, the Panel ordered the sealing of certain exhibits including personal information.

We reviewed the documents and find none of them to be relevant to the appeal. Many of the documents involve unrelated third-party litigation. While she includes a transcript of a bankruptcy proceeding in an unrelated debtor case, the Debtor still did not file the pertinent transcript of the hearing on her motion. Therefore, we DENY her motion to supplement.

reconsideration is appropriate on a basis set forth in the rule.[5] Here, the Debtor advanced no such argument either before the bankruptcy court, so far as we can tell from the record, or on appeal.

The Motion to Reinstate neither referenced Civil Rule 59 nor voiced arguments thereunder. Instead, the motion mentioned irrelevant allegations of lender impropriety. The Debtor never explained her failure to file all required case initiation documents. She did not assert in any relevant detail that the bankruptcy court committed clear error, that there was an intervening change in controlling law, or that reconsideration was necessary to prevent manifest injustice. Finally, she did not present the bankruptcy court with newly discovered evidence.

Likewise on appeal, the Debtor does not address Civil Rule 59(e) reconsideration. Once again, she failed to distinctly raise or address the denial of her Motion to Reinstate, and, thus, she waived any issues relating to reconsideration. See Padgett, 587 F.3d at 986 n.2. Given that the bankruptcy court's denial of her motion is the only issue on appeal, we may readily affirm the bankruptcy court without

---

[5] Civil Rule 59(e) allows for reconsideration only if the bankruptcy court: "(1) is presented with newly discovered evidence that was not available at the time of the original hearing, (2) committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Fadel v. DCB United LLC (In re Fadel), 492 B.R. 1, 18 (9th Cir. BAP 2013). "There may also be other, highly unusual, circumstances warranting reconsideration." Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

additional review. We are constrained to consider only the issue directly before us – whether the bankruptcy court abused its discretion in denying the Debtor's Motion to Reinstate. On this record and without the pertinent transcript, we cannot say that it did.

## CONCLUSION

Based on the foregoing, we AFFIRM.