FILED

JUL 6 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ANIBAL MESALA SILVA,<br><br>      Debtor. | BAP No.  CC-20-1237-GTL<br><br>Bk. No. 6:19-bk-10026-SY |
| ANIBAL MESALA SILVA,<br>      Appellant,<br>v.<br>RIVERSIDE COUNTY TAX COLLECTOR;<br>MIDFIRST BANK, A Federally Chartered<br>Savings Association,<br>      Appellees. | MEMORANDUM[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Scott Ho Yun, Bankruptcy Judge, Presiding

Before: GAN, TAYLOR, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Anibal Silva ("Debtor") appeals the bankruptcy

court's orders: (1) denying his motion for sanctions against the Riverside

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of

County Tax Collector ("Riverside County") and Midland Mortgage, a division of appellant MidFirst Bank[2] ("MidFirst") and servicer of the loan; (2) sustaining MidFirst's evidentiary objections; and (3) denying his motion to vacate the order denying the motion for sanctions. Debtor argued that Midland Mortgage willfully violated the automatic stay by paying $2,093.57 to Riverside County from an escrow impound account established by the deed of trust ("Escrow Account") and Riverside County willfully violated the stay by accepting the payment.

We agree with the bankruptcy court that the Escrow Account funds were not property of the estate and MidFirst had authority, as holder of the note and assignee of the deed of trust, to pay Debtor's tax obligation pursuant to the terms of the loan documents. As to the amended motion to vacate, Debtor did not provide transcripts of the hearing and we are unable to review the basis of the court's orders without the transcripts. We AFFIRM.

---

Civil Procedure.

[2] Debtor argues that Midland Mortgage is the correct party to this appeal, and he filed a motion requesting that we correct the record to name Midland Mortgage as appellee and prohibit MidFirst Bank from acting on behalf of Midland Mortgage. MidFirst presented evidence to the bankruptcy court demonstrating that it is the secured creditor and servicer of Debtor's loan through its servicing division, Midland Mortgage. Additionally, Debtor made this argument to the bankruptcy court but failed to provide a transcript of the court's ruling. We deny Debtor's motion.

# FACTS[3]

## A. The Bankruptcy Case And Confirmation Of The Plan

In January 2019, Debtor filed his chapter 13 petition and plan. He proposed to pay Riverside County's claim of $2,093.57 as a priority claim under Class 1. Debtor included Midland Mortgage as a Class 2 secured creditor and proposed to cure its arrearage claim of $5,200 while making regular postpetition payments outside of the plan. Although his regular postpetition mortgage payments were $1,729.36, which included amounts for taxes and insurance, Debtor proposed non-standard plan provisions to allow postpetition payments of principal and interest in the amount of $1,310 per month and a requirement that Debtor separately pay insurance and taxes.

After Debtor filed his plan, MidFirst filed its proof of claim and attached the note, deed of trust, and assignments. MidFirst's claim evidenced arrears of $5,320.58, comprised of $3,917.04 for principal and interest, $56 for prepetition fees, and $1,752.01 for a projected escrow shortage. MidFirst attached an escrow account analysis which showed a

---

[3] Debtor filed a motion, pursuant to Rules 8013(a) and 8009(e)(3), to modify his designation of the record to add new evidence which was filed on March 15, 2021 in adversary proceeding 6:20-ap-1142. We decline to consider evidence that was unavailable to the bankruptcy court at the time it entered the orders on appeal and therefore deny Debtor's motion. *See Morrison v. Hall*, 261 F.3d 896, 900 n.4 (9th Cir. 2001). We also decline to consider documents attached to Debtor's Reply Briefs which were not designated as part of the record and which were not before the bankruptcy court. However, we exercise our discretion to take judicial notice of relevant documents electronically filed in Debtor's bankruptcy case. *Atwood v. Chase Manhattan Mortg. Co.*

3

balance of $1,238.69 on the petition date. Riverside County also filed a proof of claim of $2,093.57 for prepetition property taxes.

Debtor objected to Riverside County's claim and argued that his assessed property tax for fiscal year 2018 was $4,187.14, payable in two installments of $2,093.57. Debtor contended that the first installment was paid prepetition and, because the second was not due until April 2019, Riverside County did not have a prepetition claim.

On March 5, 2019, the bankruptcy court held a hearing on confirmation of Debtor's chapter 13 plan. The court continued the hearing to March 19, 2019 to coincide with Debtor's objection to Riverside County's claim and advised Debtor that it would not confirm a plan with non-standard provisions.

At the continued hearing, the bankruptcy court overruled Debtor's objection to Riverside County's claim. The court stated that the tax was an ad valorem secured claim, and it agreed with Riverside County that, although the second installment could be paid by April 2019 without a penalty, the entire amount of the tax was assessed on January 1, 2018 and was therefore a prepetition claim.

The chapter 13 trustee stated that he would support confirmation if Debtor agreed to reclassify the Riverside County claim as a Class 2 secured claim and remove the non-standard provisions. Debtor agreed to the

---

*(In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

modifications, and the court entered the order confirming the plan on April 10, 2019.

On March 28, 2019, prior to entry of the confirmation order, MidFirst disbursed $2,093.57 to Riverside County for payment of the second installment of the 2018-2019 property taxes.

**B.     Debtor's Motion For Sanctions**

In September 2020, Debtor filed a motion for sanctions under §§ 362(k) and 105(a) against Riverside County and Midland Mortgage, alleging that payment of the tax obligation on March 28, 2019 was a willful violation of the automatic stay. He argued that failure to return the funds constituted a violation of the terms of the confirmed plan under § 1327(a) because the plan provided for payment of Riverside County's prepetition claim from plan payments.

Riverside County opposed the motion and argued that MidFirst's payment of property taxes to protect its security interest was not an act to create, perfect, or enforce a lien, and therefore was not a stay violation. Additionally, Riverside County maintained that it took no action to collect the tax and merely received and applied the payment, which could not support liability for a stay violation under the holding of *Zotow v. Johnson (In re Zotow)*, 432 B.R. 252 (9th Cir. BAP 2010). Riverside withdrew its proof of claim and stated that it returned the monthly distributions it received under the plan to the chapter 13 trustee.

MidFirst opposed the motion and argued that the Escrow Account was established at the time of the loan origination and under the loan documents MidFirst had a contractual obligation to apply funds to pay escrow items, including property taxes. MidFirst argued that the funds in the Escrow Account were not property of the estate and any interest that Debtor had in the funds was contingent upon payment of all sums secured by the deed of trust. And MidFirst asserted that Debtor's confirmed plan did not modify the contractual payments, which included amounts for taxes. MidFirst contended that it acted in good faith according to its contractual arrangement with Debtor and the payment to Riverside County was not prohibited by the confirmation order.

Debtor replied and argued that MidFirst did not prove its connection to Midland Mortgage, which was the party who allegedly violated the stay. He requested that the court strike MidFirst's opposition and deem admitted the allegations against Midland Mortgage.

The bankruptcy court issued a tentative ruling denying Debtor's motion for sanctions but requiring appearances at the hearing. Two days before the scheduled hearing, Debtor filed a notice that he would not attend. He stated that he did not believe he could change the court's position, and he asserted that based on the court's other rulings in the case he was not being treated fairly and equally under the law.

On September 29, 2020, the bankruptcy court conducted the hearing and denied Debtor's motion for sanctions. The court determined that

Debtor failed to comply with several procedural requirements in filing and noticing the motion but denied it on substantive grounds as well.[4] The court held that the funds in the Escrow Account were not property of the estate and MidFirst did not violate § 362(a) by paying Riverside County. It also held that Riverside County did not violate the stay by accepting the payment. The court entered its order denying Debtor's motion on October 7, 2020.

## C.    Debtor's Motion To Vacate

On October 7, 2020, Debtor filed a motion to vacate the order denying his motion for sanctions pursuant to Civil Rules 59(e) and 60(b), made applicable by Rules 9023 and 9024. In November 2020, he filed an amended motion to vacate. He argued that he was deprived of due process because the court was biased against him and should have recused itself. Debtor also argued that the court erred by refusing to strike MidFirst's opposition and by determining that the Escrow Account funds were not property of the estate. Debtor attached several documents purporting to show that MidFirst did not hold a valid interest in the note or deed of trust and that Riverside County should not have been permitted to withdraw its claim.

Riverside County opposed the motion on the grounds that Debtor did not present any newly discovered evidence or show that the court committed a clear error of law. MidFirst also opposed the motion and

---

[4] Because we affirm the court's denial of the motion on substantive grounds, we need not address the procedural bases for the court's decision.

7

argued that Debtor had ample opportunity to be heard on the sanctions motion but chose to submit the matter without argument.

MidFirst maintained that it was the real party in interest and cited the declaration it supplied with its opposition to the motion for sanctions, in which it stated that Debtor's loan was serviced by MidFirst through its servicing division, Midland Mortgage. Finally, MidFirst disputed Debtor's contention that it lacked standing to enforce the note and deed of trust but noted that Debtor acknowledged that MidFirst's standing was not related to the sanctions motion.

MidFirst filed an objection to Debtor's evidence attached to his amended motion to vacate on the basis that the evidence was inadmissible hearsay that did not relate or pertain to Debtor's loan obligation with MidFirst or the subject of Debtor's motion to vacate. Debtor did not respond to the evidentiary objection.

The bankruptcy court issued a tentative ruling stating its intent to deny the amended motion to vacate and requiring the parties to appear at the hearing on December 15, 2020. One day prior to the hearing, Debtor filed an objection to the bankruptcy court's tentative ruling and asserted that oral argument was unnecessary since the court already denied the requested relief.

Debtor did not appear at the hearing. On January 6, 2021, the bankruptcy court entered orders sustaining MidFirst's evidentiary

objections and denying Debtor's amended motion to vacate for the reasons stated on the record. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by denying Debtor's motion for sanctions?

Did the bankruptcy court abuse its discretion by sustaining MidFirst's evidentiary objections and denying Debtor's amended motion to vacate?

## STANDARDS OF REVIEW

We review de novo whether a creditor has violated the automatic stay. *In re Zotow*, 432 B.R. at 257. Under de novo review, we "consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review evidentiary objections for abuse of discretion. *United States v. Parks*, 285 F.3d 1133, 1138 (9th Cir. 2002). We also review a bankruptcy court's denial of relief under Civil Rules 59 and 60 for abuse of discretion. *Carruth v. Eutsler (In re Eutsler)*, 585 B.R. 231, 235 (9th Cir. BAP 2017).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without

9

support in the record. *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Debtor argues that MidFirst and Riverside County willfully violated the automatic stay and the binding obligations of the confirmed plan by paying the tax obligation from the Escrow Account funds and by accepting the payment. He also argues that the court abused its discretion by denying the motion to vacate because he was deprived of a fair hearing, there was insufficient evidence to justify denial of his motion for sanctions, and the court made errors of law. Debtor provides no argument in his opening brief that the court erred by sustaining MidFirst's evidentiary objections and he has therefore waived the issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Moreover, Debtor has not provided a sufficient record to permit an informed review of the orders he appeals.

## A. We Have Discretion To Summarily Affirm Orders For Which Debtor Did Not Provide An Adequate Record For Review.

The orders on appeal do not contain the bankruptcy court's factual findings or legal conclusions. Instead, they incorporate the findings and conclusions made on the record at the September 29, 2020 and December 15, 2020 hearings.

An appellant's failure to provide necessary transcripts is cause to dismiss or summarily affirm the appeal. *Hall v. Whitley*, 935 F.2d 164, 165

(9th Cir. 1991); *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (9th Cir. BAP 2004). We have discretion to disregard such a failure and decide the appeal on the merits if, after reviewing the record, we determine that an informed review is possible. *In re Kyle*, 317 B.R. at 393.

Notwithstanding Debtor's failure to include the September 29, 2020 transcript, we exercise our discretion to consider the merits of Debtor's appeal of the court's order denying his motion for sanctions. An informed review is possible because the transcript is on the bankruptcy court's docket, MidFirst designated it as part of the record on appeal, and MidFirst included it in its excerpts of record.

But the transcript of the December 15, 2020 hearing was not included in any party's excerpts of record, and it does not appear on the bankruptcy court's docket. The basis of the bankruptcy court's decision to deny Debtor's amended motion to vacate and to sustain MidFirst's evidentiary objections was made orally on the record at the December 15, 2020 hearing and incorporated into its written orders. We cannot determine whether the court abused its discretion without reviewing the basis of the court's decision, and we are unable to do so without the transcript.

Consequently, we summarily affirm the bankruptcy court's orders denying the amended motion to vacate and sustaining MidFirst's evidentiary objections.

11

**B.    The Bankruptcy Court Did Not Err By Denying Debtor's Motion For Sanctions.**

Debtor takes the position that payment of prepetition taxes from the Escrow Account constitutes a willful violation of the stay by MidFirst and Riverside County and is a violation of the binding terms of the plan. Because Debtor has a remedy for the alleged stay violation under § 362(k), no additional remedy is available under § 105(a). *Snowden v. Check Into Cash of Wash. Inc. (In re Snowden)*, 769 F.3d 651, 661 (9th Cir. 2014) (citing *Adler v. Roman (In re Roman)*, 283 B.R. 1, 14-15 (9th Cir. BAP 2002)). And, because the alleged violation occurred prior to confirmation of the plan, it cannot be a violation of the confirmed plan under § 1327(a).

A claim under § 362(k) requires a showing that an individual debtor was injured by a willful violation of the stay. *Fernandez v. G.E. Cap. Mortg. Servs. (In re Fernandez)*, 227 B.R. 174, 180 (9th Cir. BAP 1998). Debtor has the burden on each of these elements. *Id.* at 181. The payment does not constitute a violation of the stay if, as the bankruptcy court held, the funds in the Escrow Account were not property of the estate. Debtor offers no argument why the funds were estate property and instead attempts to shift the burden by arguing that the creditors failed to present evidence that the funds were not property of the estate.

Whether an interest claimed by Debtor is "property of the estate" under § 541(a) is a question of federal law, but bankruptcy courts must look to state law to determine "whether and to what extent the debtor has

12

any legal or equitable interests in property" as of the petition date. *McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In re Pettit)*, 217 F.3d 1072, 1078 (9th Cir. 2000).

The deed of trust provides that, in addition to principal and interest payments, Debtor shall pay a sum to provide for payment of taxes, insurance premiums, and other items related to the property. It specifies that the lender may collect and hold such funds in an amount not to exceed the maximum allowed under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 1201-2617 ("RESPA"), and provides that if there is a surplus of such funds the lender shall account to Debtor as required by RESPA. The deed of trust also requires the lender to refund any funds held by lender only upon payment in full of all sums secured by the deed of trust.

The deed of trust is consistent with California law, which permits a lender to require an impound, trust, or other account as a condition of a loan secured by a deed of trust where, as in this case, the loan is guaranteed or insured by a state or federal governmental agency. Cal. Civ. Code § 2954. California law limits the amount a lender can require a borrower to pay into such account to the amount permitted by RESPA[5] and

---

[5] 12 U.S.C. § 2609(a) provides:

A lender, in connection with a federally related mortgage loan, may not require the borrower or prospective borrower-

. . .

(2) to deposit in any such escrow account in any month beginning with the first full installment payment under the mortgage a sum (for the purpose of assuring payment of taxes, insurance premiums and other charges with respect to the property)

13

requires a lender to refund excess amounts within 30 days. Cal. Civ. Code § 2954.1.

Debtor's interest in the Escrow Account funds was contingent on the account having a surplus on the petition date. But Debtor acknowledges that the Escrow Account was deficient on the petition date. He scheduled the debt and proposed payments under the plan to cure the arrearage to MidFirst, which included an Escrow Account shortage of $1,752.01.

Debtor did not have a right to refund of any of the Escrow Account funds on the petition date under the deed of trust or California law. As a result, the funds in the Escrow Account on the petition date were not property of the estate and MidFirst's payment of the taxes did not violate the automatic stay.

Riverside County similarly did not violate the stay because it merely accepted payment from MidFirst and did nothing to enforce its lien or collect a prepetition debt from Debtor. *See In re Zotow*, 432 B.R. at 260.

---

in excess of the sum of (A) one-twelfth of the total amount of the estimated taxes, insurance premiums and other charges which are reasonably anticipated to be paid on dates during the ensuing twelve months which dates are in accordance with the normal lending practice of the lender and local custom, provided that the selection of each such date constitutes prudent lending practice, plus (B) such amount as is necessary to maintain an additional balance in such escrow account not to exceed one-sixth of the estimated total amount of such taxes, insurance premiums and other charges to be paid on dates, as provided above, during the ensuing twelve-month period: *Provided, however,* That in the event the lender determines there will be or is a deficiency he shall not be prohibited from requiring additional monthly deposits in such escrow account to avoid or eliminate such deficiency.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's orders denying Debtor's motion for sanctions, denying Debtor's amended motion to vacate, and sustaining MidFirst's evidentiary objections.