
NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MYRON HALE,<br><br>               Debtor. | BAP No. CC-20-1262-GFS<br><br>Bk. No. 2:18-bk-12066-BB |
| MYRON HALE,<br><br>          Appellant,<br>v.<br>VIVIAN STEWART; LVNV FUNDING,<br>LLC,<br><br>          Appellees. | **MEMORANDUM**<br>**DISMISSING APPEAL[1]** |

Appeal from the United States Bankruptcy Court
for the Central District of California
Sheri Bluebond, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and SPRAKER, Bankruptcy Judges.

Chapter 7[2] debtor Myron Hale ("Debtor") appeals the bankruptcy

court's order denying his objections to claims 3 and 4-2. Objections to

claims are contested matters subject to the requirements of Rule 9014. *Keys*

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

*v. 701 Mariposa Project, LLC (In re 701 Mariposa Project, LLC)*, 514 B.R. 10, 16 (9th Cir. BAP 2014). In deciding a contested matter, the bankruptcy court must find facts specifically and state its conclusions of law separately. *Pham v. Golden (In re Pham)*, 536 B.R. 424, 433-34 (9th Cir. BAP 2015) (citing *First Yorkshire Holdings, Inc. v. Pacifica L 22 (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 870 (9th Cir. BAP 2012)). Here, the bankruptcy court made its findings and conclusions orally on the record.

Rule 8009(a)(4) requires an appellant to include in the record on appeal "any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." An appellant's failure to provide necessary transcripts is cause to dismiss the appeal. *Hall v. Whitley*, 935 F.2d 164, 165 (9th Cir. 1991); *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (9th Cir. BAP 2004).

On May 24, 2021, the BAP issued a Clerk's Order Re Transcript Issue And Oral Argument, requiring Debtor to file a transcript of the bankruptcy court's hearing by June 23, 2021. On June 15, 2021, we entered an order stating that the appeal would be submitted on the briefs and confirmed that Debtor's failure to file the transcript by June 23, 2021 could result in dismissal of the appeal.

Debtor filed a motion on June 21, 2021, seeking an extension of the deadline. We granted Debtor's request and entered an Order Regarding Final Extension Of Time To File Hearing Transcript, which extended the

deadline to August 18, 2021, and provided that no further extensions would be granted.

Debtor did not file the transcript by the deadline, and the case was submitted on August 18, 2021. We have discretion to disregard such failure and decide the appeal on the merits if informed review is possible. *In re Kyle*, 317 B.R. at 393. But, because the bankruptcy court made its findings and conclusions on the record and incorporated those findings into its written order, we cannot review the propriety of the bankruptcy court's decision without the transcript. Accordingly, we DISMISS the appeal.