

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>GARY ABRAMS,<br>                Debtor. | BAP No. CC-22-1211-CLS<br><br>Bk. No. 2:22-bk-13659-VZ |
| GARY ABRAMS,<br>           Appellant,<br>v.<br>BCMB1 TRUST; PLANET HOME<br>LENDING, LLC,<br>           Appellees. | Adv. No. 2:22-ap-01142-VZ<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent Zurzolo, Bankruptcy Judge, Presiding

Before: CORBIT, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

The chapter 13[1] debtor challenges the bankruptcy court's dismissal of

his complaint seeking a declaratory judgment that the beneficiary, holder,

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

and servicer on a promissory note were "debt collectors" as defined under the federal Fair Debt Collection Practices Act ("FDCPA")[2] and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").[3] Because debtor's complaint failed to state a claim upon which the bankruptcy court could grant relief, we AFFIRM.

## FACTS

**A.    History**

Gary Abrams, Debtor, is married to Belinda Corpuz. In 2007, Corpuz obtained a loan from Countrywide Home Loans. As part of the loan, Corpuz signed a promissory note ("Note"), which was secured by a second position deed of trust ("Deed of Trust") on real property located in Culver City, California ("Property"). The Deed of Trust was subsequently assigned multiple times. BCMB1 Trust is the current beneficiary and holder of the Note, Planet Home is the servicer on the Note (collectively, the "Creditors"), and Prestige Default Services, LLC is the trustee under the Deed of Trust. Because the Note is in default, Creditors initiated the process of nonjudicial foreclosure.

Abrams and Corpuz dispute the validity of the assignments of the Note and Deed of Trust and the authority of the Creditors to foreclose on the Property. Abrams and Corpuz have attempted to convince multiple courts that the Note and Deed of Trust are not valid because of deficient

---

[2] 15 U.S.C. § 1692e.
[3] Cal. Civ. Code § 1788.

assignments. However, they have been wholly unsuccessful. Together, Abrams and Corpuz have filed over nine bankruptcy petitions and initiated over four adversary proceedings, two state court actions, and three appeals.[4] The actions involved voluminous, repetitive, and meritless motions and claims for relief.

## B.    Adversary proceeding against Creditors

Almost immediately after filing his sixth bankruptcy petition, Abrams filed a complaint against the Creditors ("Complaint"). In the Complaint, Abrams disputed the validity of the assignments and the authority of the Creditors to foreclose on the Property. He also argued that the United States Supreme Court's holding in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), "effectively debt overruled [sic] the cases . . . holding that foreclosure is not debt collection." Accordingly, because the Creditors were taking action to foreclose on the Property, Abrams "request[ed] the Court grant motion [sic] for Declaratory Judgment that [Creditors] are 'debt collectors' as defined under the [f]ederal FDCPA and California Rosenthal Act."

Creditors responded with a motion to dismiss Abrams' Complaint for failure to state a claim upon which relief could be granted pursuant to

---

[4] Since 2012, Abrams has filed seven bankruptcy cases in the Central District of California, though he only received a discharge in his original 2012 chapter 13. In his fifth bankruptcy, the bankruptcy court entered an order declaring Abrams a vexatious litigant. In his seventh dismissed bankruptcy, the bankruptcy court's order to show cause why Abrams should not be declared a vexatious litigant remains pending.

Civil Rule 12(b)(6), applicable in bankruptcy via Rule 7012 ("Motion to Dismiss").[5] The Creditors argued the Complaint should be dismissed because: (1) Abrams' allegations that the assignments were deficient were without merit; (2) Abrams filed the Complaint for an improper purpose, specifically to delay and hinder foreclosure on the Property; (3) Abrams was precluded from litigating claims previously decided by California state courts; (4) Abrams' claims as to alleged defects in the assignments were barred by California law prohibiting preemptive pre-foreclosure actions;[6] and (5) Abrams' request for declaratory relief could not be a standalone claim.

Abrams filed a response to the Creditors' Motion to Dismiss. In his response Abrams alleged that the Creditors did not have the authority to foreclose on the Property because they did not "own both the Note and the mortgage." According to Abrams, "If a bank claims to own the mortgage

---

[5] The Creditors' Motion to Dismiss was not included in the excerpts of record designated by Abrams. However, pursuant to Federal Rule of Evidence 201(b) we exercise our discretion to take judicial notice of materials electronically filed in the underlying cases. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003); *see also Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case).

[6] California's comprehensive nonjudicial foreclosure statutes do not allow a debtor to file a lawsuit to determine the authorized holder of a note prior to foreclosure. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154-57 (2011). Therefore, by alleging claims that the Note or the assignments were deficient or seeking a declaratory judgment as to the status of the Creditors, Abrams was impermissibly "interject[ing] the courts into this comprehensive nonjudicial scheme" *Id.* at 154.

4

(DOT), but doesn't also own your Note, it cannot foreclose." Abrams provided no admissible evidence or legal analysis to support his claims.

The bankruptcy court rejected Abrams' assertions and request for declaratory relief. Instead, on October 11, 2022, the bankruptcy court entered an order granting Creditors' Motion to Dismiss with prejudice. Abrams timely appealed. Appellees have not participated in this appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.[7]

## ISSUE

Did the bankruptcy court err in granting Creditors' Motion to Dismiss Abrams' Complaint with prejudice?

## STANDARDS OF REVIEW

We review de novo a bankruptcy court's dismissal of a complaint under Civil Rule 12(b)(6). *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector* (*In re Tracht Gut, LLC*), 836 F.3d 1146, 1150 (9th Cir. 2016). We review for abuse of discretion the bankruptcy court's dismissal of a complaint with prejudice. *Id.* A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or

---

[7] Although Abrams is not named on the Deed of Trust, he arguably has standing by virtue of being married to Corpuz. Pursuant to California Family Code § 760, all property acquired by either spouse during a valid marriage is presumptively community property. *Gutierrez v. State Farm Mut. Ins. Co.*, No. 5:11-CV-03111 EJD, 2012 WL 398828, at *3 (N.D. Cal. Feb. 7, 2012).

5

makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). The Panel may affirm on any basis supported by the record. *Caviata Attached Homes, LLC v. U.S. Bank, Nat'l Ass'n* (*In re Caviata Attached Homes, LLC*), 481 B.R. 34, 44 (9th Cir. BAP 2012).

**DISCUSSION**

**A.      Standard under Civil Rule 12(b)(6)**

Under Civil Rule 12(b)(6), dismissal is proper if a complaint lacks a cognizable legal theory or fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). After eliminating unsupported legal conclusions, the court identifies "well-pleaded factual allegations," which are assumed to be true, "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). However, courts may also consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *NVIDIA Corp. Sec. Litig. v. NVIDIA Corp.* (*In re NVIDIA Corp. Sec. Litig.*), 768 F.3d 1046, 1051 (9th Cir. 2014). Leave to amend should be granted unless it

6

is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). If amendment would be futile, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## B.   Incomplete appellate record

In this case, the dismissal order states that the Creditors' Motion to Dismiss was granted with prejudice based on the bankruptcy court's review of the pleadings "as well as the arguments of the parties, the papers submitted, and the findings of fact made on the record." Thus, the face of the dismissal order reflects that the bankruptcy court made findings on the record. However, appellate review is hindered because Abrams did not include the transcript in his excerpts of record on appeal.

Additionally, Abrams' opening brief does not contain a comprehensible statement of facts, citations to legal authorities, or citations to the record.[8] *See* Rule 8014. Furthermore, Abrams attempts to raise issues that were not addressed by the bankruptcy court's order, and he seeks relief that was not pled in his Complaint.[9] Abrams' failures to comply with

---

[8] Abrams filed both an informal brief using the BAP form available for pro se litigants and an opening brief. Neither brief provided a comprehensible statement of facts or citations to the record, nor were the briefs consistent in the alleged issues or relief requested.

[9] For example, in his informal brief, Abrams argues that his Complaint asked the bankruptcy court "to apply the Adversary Procedure Law and the Proof of Claims Rule 410 in BK and the Adversary law that requires the POC to be filed" and in response to the question "What do you think the bankruptcy court did wrong?" Abrams merely states "Abuse Judicial Discretion." In his "opening brief," Abrams argues, without

the rules cannot be excused by his status as a pro se litigant. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record").

Based on Abrams' noncompliance with the rules and his failure to provide a sufficient record, this Panel has the discretion to dismiss the appeal or summarily affirm the bankruptcy court's ruling. *Kyle v. Dye* (*In re Kyle*), 317 B.R. 390, 393-94 (9th Cir. BAP 2004), *aff'd*, 170 F. App'x 457 (9th Cir. 2006). However, before summarily affirming or dismissing, the Panel may exercise its discretion and consider whether an informed review can be conducted with the incomplete record provided. *Id.*

## C. Abrams' Complaint failed to state a plausible claim for relief.

Despite the incomplete record, the Panel finds there are at least two reasons the bankruptcy court could have dismissed Abrams' Complaint. *See McCarthy v. Prince* (*In re McCarthy*), 230 B.R. 414, 417 (9th Cir. BAP 1999) (if an inadequate record is provided, "we look for any plausible basis upon which the bankruptcy court might have exercised its discretion to do what it did. If we find any such basis, then we must affirm.").

### 1. Abrams' Complaint lacked a cognizable legal theory.

Abrams' Complaint sought a declaratory judgment. The Complaint did not identify whether the declaratory relief was sought pursuant to Rule

---

support, that the Deed of Trust is not valid and that the bankruptcy court erred in denying his objection to Creditors' proof of claim filed in the main bankruptcy case.

7001(9) or the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"). Regardless, Abrams' Complaint failed to plead a plausible claim for relief because a request for declaratory relief under either basis cannot stand alone; it requires a well-pleaded underlying cause of action between the parties. *See MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007); *see also Diamond Real Est. v. Am. Brokers Conduit*, No. 16-cv-03937-HSG, 2017 WL 412527, at *11 (N.D. Cal. Jan. 31, 2017) ("Absent an underlying claim for relief, their claims for declaratory relief must be dismissed." (citation omitted)).

As noted above, Abrams' Complaint sought only a "declaratory judgment that [Creditors] are 'debt collectors' as defined under the Federal FDCPA and California Rosenthal Act." Because Abrams did not adequately plead an underlying claim for relief, and because his declaratory relief claim cannot stand alone, Abrams' Complaint failed to state a plausible claim upon which relief can be granted. *See Team Enters., LLC, 721 F. Supp. 2d at 911* ("The declaratory relief claim falls with the demise of . . . other claims and the absence of a cognizable justiciable controversy."). Accordingly, the bankruptcy court did not err in granting Creditors' Motion to Dismiss.

## 2. Insufficient facts, conclusory statements, and unsupported legal conclusions

Secondly, although Abrams' Complaint is difficult to decipher, he seemed to allege that the United States Supreme Court's holding in

*Obduskey* obligated the bankruptcy court to find the Creditors were "debt collectors" as defined by the FDCPA because they were taking action to foreclose on the Property. Abrams provided no factual allegations or legal basis for his reasoning or his request for declaratory relief.

Moreover, Abrams' reading of *Obduskey* is mistaken. In *Obduskey*, the Supreme Court considered the interplay of the "primary definition" and the "limited-purpose definition" of the term "debt collector" in the FDCPA. 139 S. Ct. at 1033-36. Specifically, the *Obduskey* court considered whether a law firm carrying out a nonjudicial foreclosure was a "debt collector" subject to the FDCPA. The *Obduskey* court reasoned that the "limited-purpose definition narrows the primary definition, so that the debt-collector-related prohibitions of the FDCPA (with the exception of § 1692f(6)) do *not apply* to those who . . . are engaged in no more than security-interest enforcement." *Id.* at 1037 (emphasis added). Because the law firm was only engaged in security-interest enforcement, the law firm was not a "debt collector." *Id.* Thus, contrary to Abrams' assertions, the holding of *Obduskey* confirms that most banks and servicers and holders of notes are not considered "debt collectors" because "those who engage in only nonjudicial foreclosure proceedings" are not "debt collectors within the meaning of the [FDCPA]." *Id.* at 1038.

Abrams' Complaint failed to include well-pleaded factual allegations demonstrating that the Creditors regularly engage in debt collection unrelated to nonjudicial foreclosure proceedings. Moreover, even if

Abrams demonstrated that the Creditors should be defined as "debt collectors" under the *Obduskey* holding, Abrams fails to plead facts implicating violations of either the FDCPA or the Rosenthal Act that could serve as the basis for a cause of action upon which the bankruptcy court could grant relief. Accordingly, Abrams' Complaint fails to state a plausible claim for relief and the bankruptcy court did not err in dismissing the Complaint.

### 3. Other possible issues on appeal

To the extent that Abrams tangentially identifies additional issues on appeal, those issues are not properly before the Panel. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues raised in a brief that are not supported by argument are deemed abandoned).

### 4. Dismissal with prejudice was not an abuse of discretion.

The bankruptcy court's order granted Creditors' Motion to Dismiss with prejudice. The bankruptcy court did not abuse its discretion because Abrams' multiple previous civil filings disputing Creditors' authority to foreclose were found to be meritless, and Abrams has articulated no facts he could allege that would cure the Complaint's deficiencies. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966 (9th Cir. 2002) ("A pro se litigant must be given leave to amend his or her complaint unless it is obviously clear that the deficiencies in the complaint could not be cured by amendment.").

## CONCLUSION

Based on our independent review, we conclude that the bankruptcy

11

court did not err in granting Creditors' Motion to Dismiss Abrams'

Complaint or abuse its discretion in doing so with prejudice. We AFFIRM.