

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>NATALIA ALEKSANDROVNA NEAL,<br>Debtor. | BAP No. OR-24-1134-GBL<br><br>Bk. No. 3:22-bk-31714-PCM |
| SHARON ELIZABETH NEAL,<br>Appellant,<br>v.<br>NATALIA ALEKSANDROVNA NEAL,<br>Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Oregon
Peter C. McKittrick, Bankruptcy Judge, Presiding

Before: GAN, BRAND, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Creditor Sharon Elizabeth Neal ("Sharon")[1] appeals the bankruptcy

court's orders denying her motion to dismiss the chapter 13[2] case of debtor

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Because the parties share a last name, we refer to Sharon Neal as "Sharon" and Natalia Neal as "Debtor" to avoid any confusion. No disrespect is intended.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Natalia Aleksandrovna Neal ("Debtor") and denying her "renewed" motion to dismiss, which the court construed as a motion for reconsideration.

After obtaining stay relief, US Bank, N.A. ("US Bank") foreclosed the deed of trust encumbering Debtor's residence (the "Property"), and Debtor amended her chapter 13 plan to remove treatment of claims secured by the Property. After the bankruptcy court confirmed the amended plan, Debtor challenged the foreclosure in state court. The state court entered a stipulated judgment holding that Debtor's interest in the Property was not extinguished by the foreclosure sale and US Bank's lien remained in full force and effect.

Sharon then moved to dismiss the bankruptcy case, arguing that Debtor violated the terms of the confirmed plan by incurring new debt without the trustee's consent or notice to creditors. The bankruptcy court denied the motion because Debtor fully disclosed both her interest in the Property and the underlying debt, and the state court judgment merely returned Debtor and US Bank to the position they were in on the petition date. The court denied Sharon's motion for reconsideration because she failed to demonstrate any basis for relief and merely rehashed arguments raised in the prior motion.

Sharon does not demonstrate an abuse of discretion. We AFFIRM.

## FACTS[3]

Debtor acquired the Property in 2008 as her sole property. She borrowed $690,000 and secured the note with a deed of trust. At the time of purchase, Debtor was married to Sharon's son, and she permitted Sharon to live at the Property until her divorce in 2017. After the divorce, Debtor's ex-husband moved out, but Sharon refused to leave the Property. Since then, Debtor and Sharon have been involved in multiple bankruptcies and state court lawsuits involving the Property.

Debtor filed the present chapter 13 petition in October 2022. She listed Sharon as holder of a claim for $185,592, secured by a judicial lien on the Property, which Sharon acquired from De Lage Landen Financial Services. Debtor filed an initial chapter 13 plan which proposed to cure a default with US Bank through a mortgage modification, and to strip several judicial liens, including Sharon's, as impairing her homestead exemption.

Sharon and US Bank each filed motions for stay relief. After obtaining in rem stay relief, US Bank conducted a nonjudicial foreclosure in February 2023, taking title to the Property through a credit bid. Although Sharon did not timely file a proof of claim, the bankruptcy court held that her stay relief motion was sufficient to constitute an informal proof of

---

[3] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

claim, and because the Property had been foreclosed, it allowed her claim as an unsecured claim.

Debtor filed an amended plan which proposed to treat unsecured claims, and which removed reference to the Property and treatment of secured claims and judicial liens. The bankruptcy court confirmed the amended plan over Sharon's objection in April 2023.

After confirmation, Debtor sued US Bank in state court, alleging that it failed to provide her adequate notice of the foreclosure. The parties agreed to a stipulated judgment which the court entered in June 2024. The stipulated judgment stated that Debtor's interest in the Property was not extinguished by the foreclosure and US Bank's note and deed of trust remained in full force and effect. Pursuant to the stipulated judgment, the foreclosure sale "remained valid as to all other persons and parties."[4]

In July 2024, Sharon filed a motion and supplemental motion to dismiss the case (together the "Motion to Dismiss"). She argued that the stipulated judgment created a new debt which Debtor acquired without disclosure or approval. Sharon further asserted that Debtor engaged in a pattern of filing bankruptcy cases to delay and frustrate creditor actions. She claimed that while Debtor was negotiating the stipulated judgment with US Bank, she was behind on her monthly plan payments and asking

---

[4] Sharon argues that the state court judgment violates Oregon law. The propriety of the state court judgment is not before us.

4

the court to modify her confirmed plan.[5] Sharon argued that the case should be dismissed because Debtor's actions constituted a material default and demonstrated bad faith.

Debtor opposed the Motion to Dismiss and argued that the stipulated judgment did not alter the rights of any creditors. She noted that the Property and secured debt were fully disclosed in her schedules, and she did not default under the plan.

The bankruptcy court denied the Motion to Dismiss for reasons stated on the record at the August 8, 2024 hearing. After the court denied the Motion to Dismiss, Sharon filed a renewed motion to dismiss (the "Motion for Reconsideration"), again seeking dismissal based on her assertion that Debtor incurred debt without disclosure or approval. The bankruptcy court construed the Motion for Reconsideration as a motion to alter or amend pursuant to Civil Rule 59(e), made applicable by Rule 9023.

The court denied the Motion for Reconsideration because Sharon did not identify any intervening change in law or new evidence, and she did not demonstrate a clear error of law or resulting manifest injustice; she merely rehashed arguments made in the Motion to Dismiss. The bankruptcy court noted that, to the extent Sharon was arguing for dismissal based on Debtor's bad faith in filing the case, the confirmation

---

[5] In April 2024, Debtor filed a notice of post-confirmation amendment which suspended payments for three months and extended the plan period to 44 months. No party objected to the post-confirmation amendment.

order conclusively determined her lack of bad faith. The court entered a written order, and Sharon timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion by denying the Motion to Dismiss?

Did the bankruptcy court abuse its discretion by denying the Motion for Reconsideration?

## STANDARD OF REVIEW

We review for abuse of discretion the bankruptcy court's decision whether to dismiss a chapter 13 case for cause. *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 338 (9th Cir. BAP 2015). We also review for an abuse of discretion the bankruptcy court's order denying a motion to alter or amend under Civil Rule 59(e). *In re Frantz*, 655 B.R. 594, 602 (9th Cir. BAP 2023).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Sharon argues the court erred by denying the Motion to Dismiss because the stipulated judgment constituted a material default. She asserts the court should have considered Debtor's bad faith, and it erred by denying relief under Civil Rule 59(e).

### A. Scope of this appeal

As an initial matter, we must clarify the scope of this appeal. Pursuant to Rule 8003(a), an appellant initiates an appeal by filing, within the time limits of Rule 8002(a), a notice of appeal which conforms substantially to the appropriate Official Form and is accompanied by the "judgment, order, or decree, or the part of it, being appealed." Sharon's notice of appeal identifies only the Motion for Reconsideration.

We can look past an appellant's failure to comply technically with Rule 8003 if the intent to appeal a specific order is fairly inferred and the appellee will not be prejudiced. *See Lolli v. Cnty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003). "In determining whether intent and prejudice are present, we consider first, whether the affected party had notice of the issue on appeal; and second, whether the affected party had an opportunity to fully brief the issue." *Le v. Astrue*, 558 F.3d 1019, 1023 (9th Cir. 2009) (quoting *Meehan v. Cnty. of L.A.*, 856 F.2d 102, 105 (9th Cir. 1988) (quotation marks omitted)).

Sharon argues in her opening brief that the stipulated judgment constituted a material default under the confirmed plan, and consequently,

the court erred by denying the Motion to Dismiss. Thus, we can fairly infer her intent to appeal the Motion to Dismiss. Although Debtor did not file a brief in this appeal, she had an opportunity to address Sharon's arguments and was not prejudiced.

The bankruptcy court denied the Motion to Dismiss for reasons stated on the record, but Sharon provides only a partial transcript of that hearing which does not contain the basis for the court's decision. An appellant's failure to provide necessary transcripts is cause to dismiss the appeal. *Hall v. Whitley*, 935 F.2d 164, 165 (9th Cir. 1991); *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (9th Cir. BAP 2004), *aff'd*, 170 F. App'x 457 (9th Cir. 2006). We have discretion to disregard this failure and decide the appeal on the merits if an informed review is possible. *In re Kyle*, 317 B.R. at 393.

Here, the bankruptcy court stated in its written order denying the Motion for Reconsideration:

> The court explained on the record at the August 8 hearing that the State Court Order does not constitute a material default with respect to Debtor's plan. Debtor fully disclosed her interest in the Property and the underlying debt in her schedules. The State Court Order merely returns Debtor and US Bank to the position they were in on the petition date. By entering into the stipulation that forms the basis of the State Court Order, Debtor did not incur new debt in violation of her confirmed plan.

The bankruptcy court's subsequent recitation of its basis for denying the Motion to Dismiss is sufficient for us to make an informed review of the

order denying the Motion to Dismiss and decide the appeal from that order on the merits.

**B.**     **The bankruptcy court did not err by denying the Motion to Dismiss.**

Section 1307(c) provides that upon the request of a party in interest, the bankruptcy court may dismiss or convert a chapter 13 case for cause, including a "material default by the debtor with respect to a term of a confirmed plan." § 1307(c)(6). The use of the word "may" in § 1307(c) indicates that dismissal under this section is a discretionary decision of the bankruptcy court. *Sievers v. Green (In re Green)*, 64 B.R. 530, 530 (9th Cir. BAP 1986).

The existence of cause under § 1307(c) does not mandate dismissal and "do[es] not give creditors an automatic right to a dismissal." *Id.* at 531. Whether dismissal is appropriate is committed to the sole discretion of the bankruptcy court, *In re Schlegel*, 526 B.R. at 339, but "[s]ection 1307(c) provides that when making the determination as to whether to grant a motion to dismiss or convert . . . the bankruptcy court must be guided by what is in the best interest of the estate and creditors," *Brown v. Sobczak (In re Sobczak)*, 369 B.R. 512, 519 (9th Cir. BAP 2007).

Sharon argues that by stipulating to the judgment in the state court action, Debtor materially defaulted under paragraph 8 of the confirmed plan. That paragraph states:

> Debtor may not obtain credit or incur debt obligations during the life of the plan . . . unless the trustee gives written consent, the obtaining of the credit or incurring of the debt is made necessary by emergency, or debtor gives notice to all creditors and the trustee and an opportunity for hearing as if the creditor or debt were to be incurred by the trustee.

According to Sharon, the stipulated judgment had the effect of reinstating the note and deed of trust, which was necessarily a new debt obligation obtained by Debtor. We agree with the bankruptcy court that the note was not a new debt, and it was fully disclosed in Debtor's schedules. The stipulated judgment reversed the effect of the foreclosure sale with respect to US Bank and Debtor. It essentially returned those parties to the position they were in as of the petition date. Signing the stipulation which formed the basis of the stipulated judgment did not constitute a material default of the confirmed plan by Debtor.

Sharon also argues that dismissal was warranted based on Debtor's bad faith in managing her financial affairs, and she claims the bankruptcy court erred by not considering Debtor's bad faith. Again, we agree with the bankruptcy court that, to the extent Sharon argued that Debtor filed the plan or petition in bad faith, she was precluded by the confirmation order. *See* § 1325(a)(3), (7) (conditioning confirmation on good faith in filing the petition and plan); *Duplessis v. Valenti (In re Valenti)*, 310 B.R. 138, 150 (9th Cir. BAP 2004) ("A Chapter 13 plan 'is res judicata as to all issues that *could*

10

*have or should have been litigated* at the confirmation hearing.'") (quoting

*Great Lakes Higher Educ. Corp. v. Pardee*, 193 F.3d 1083, 1087 (9th Cir. 1999)).

Sharon argues that Debtor demonstrated post-confirmation bad faith by signing the stipulated judgment without disclosing it to creditors or the court, at a time when she was having difficulty making her plan payments. But her only argument why this conduct is indicative of bad faith is that the stipulation constituted a material default of the confirmed plan. Sharon identified no other evidence for Debtor's alleged bad faith either to the bankruptcy court or on appeal. Debtor's difficulty in making her plan payments during 2024 does not impose any additional obligation to disclose her efforts to retain the Property, and it does not render her actions bad faith. We discern no basis for cause to dismiss under § 1307(c).

Additionally, because § 1307(c) is permissive, the bankruptcy court had discretion to deny the Motion to Dismiss if dismissal was not in the best interest of creditors and the estate. Sharon offered no argument, either to the bankruptcy court or in her opening brief, why dismissal was in the best interest of creditors and the estate. Thus, even if we determined that Debtor materially defaulted under the confirmed plan, Sharon has not shown that the bankruptcy court abused its discretion by denying the Motion to Dismiss.

11

**C.    The bankruptcy court did not err by denying the Motion for Reconsideration.**

Under Civil Rule 59(e), the court may alter or amend a judgment if it: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party may not use a Civil Rule 59(e) motion to present a new legal theory for the first time, to raise legal arguments which could have been made in connection with the original motion, or to rehash the same arguments already presented. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 F. App'x 718 (9th Cir. 2008).

Sharon did not identify any newly discovered evidence or intervening change of law. She argues the bankruptcy court committed clear error by denying her Motion to Dismiss, but she made the same arguments in her Motion for Reconsideration as in her Motion to Dismiss. The bankruptcy court did not err by construing the Motion for Reconsideration as a motion under Civil Rule 59(e), and it did not abuse its discretion by denying relief.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's orders denying the Motion to Dismiss and denying the Motion for Reconsideration.

12